**BINGHAM, Estate of, in re: DEPARTMENT OF TAXATION, Plaintiff-Appellee, v. NATIONAL CITY BANK OF CLEVELAND et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22087.   Decided April 30, 1951.

C. Wm. O'Neill, Atty. Genl., W. E. Herron, J. M. Burtch, Jr., Asst. Attys. Genl., Columbus, for plaintiff-appellee.

Thompson, Hine & Flory, Cleveland, for defendant-appellants.

(DOYLE, J, of the Ninth District, sitting by designation.)

## OPINION

By DOYLE, J:

The appellants, Executors of the Estate of Robert F. Bingham, deceased, are before this Court on appeal from the Probate Court of Cuyahoga County, challenging and excepting to that Court's order that under the Ohio law a taxable succession passed from the decedent to his life insurance beneficiaries.

Appellants' testator died on September 5, 1947. Included in the net estate subject to federal estate tax were life insurance proceeds payable at death in the amount of $125,309.16. This amount was payable in the sum of $39,330.45 to the decedent's widow, and the remainder, in the quantity of $85,978.71, to the National City Bank of Cleveland, trustee of an inter vivos life insurance trust, of which the decedent was the settlor. The total amount of the net estate subject to Federal estate tax before deduction of specific exemptions amounted to $257,910.58. The Federal tax was calculated to be in the sum of $47,483.31, and this entire amount was paid by the Executors from the residuary estate in Probate, in compliance with instructions in Item I of the decedent's will.

We think it proper to here, insert Item I of the will because the Executors' adherence to directions therein contained, and the payment of the Federal tax by the Executors out of the funds of the estate, on the items of insurance, to specific beneficiaries (not the estate) create the controversial matters before us.

"Item I. * * * I further direct that my executors pay out of the principal of my estate, as a general charge thereon, all estate, inheritance and transfer taxes which may be assessed by reason of my death, regardless of whether assessed against my executors or against any other person, including interest and penalties accruing on all such taxes, if any. No person shall be required to reimburse my estate for any part of any payment made hereunder, nor shall the funds or property receivable or received by any person, other than the residuary distributions hereunder, be reduced by reason of any such payment."

The Executors, in compliance with the testamentary instructions, did not seek reimbursement from the life insurance beneficiaries for the Federal taxes paid by them, as would have been their right in the absence of such testamentary language. On this subject, paragraph (c) of Sec. 826 of the Internal Revenue Code under the general heading of "Collection of Unpaid Tax" is of importance. It is:

"(c) Liability of life insurance beneficiaries. **Unless the decedent directs otherwise in his will,** if any part of the gross estate upon which tax has been paid consists of proceeds of policies of insurance upon the life of decedent receivable by a beneficiary other than the executor, **the executor shall be entitled to recover from such beneficiary** such portion of the total tax paid as the proceeds of such policies bear to the sum of the net estate and the amount of exemption allowed in computing the net estate, determined under section 935(c). If there is more than one such beneficiary the executor shall

be entitled to recover from such beneficiaries in the same ratio." (Emphasis ours.)

From what has been said thus far, it becomes apparent that the residuary estate is lesser in amount than it would have been, had the executors, in the absence of testamentary provision, proceeded against the life insurance beneficiaries under Sec. 826 (c) of the Internal Revenue Code, supra, to recover a portion of the total Federal tax paid by them.

We agree with the conclusion of the Probate Court that "the full amount of the Federal estate tax should be deducted" in determining the value of the succession "when the executors are precluded from recovering any portion of the Federal estate tax from the life insurance beneficiaries." It was clearly the intention of the testator that Federal taxes, including those on life insurance policies not payable to his estate, be paid out of the assets of his estate.

"The Ohio state inheritance tax is a succession tax on the beneficial interest of each heir, legatee, devisee, or other beneficiary of a decedent's estate, and in determining the value of the succession of any such beneficiary the amount of the Federal estate tax should first be deducted, like other debts and expenses of administration." **Tax Comm. ex rel et al, v. Lamprecht, Admr., 107 Oh St 535.**

It is the contention of the Department of Taxation of Ohio that, because of the payment made by the executors under Item I of the will, a taxable succession passed from the decedent to the insurance beneficiaries in an amount equal to the paid Federal estate tax which was attributable to such insurance proceeds and upon which pro rata share the said beneficiaries were relieved from payment into the decedent's estate. The Probate Court upheld this view and assessed a tax against the beneficiaries. The issue before us is thus created by the Executors in their claim that the law does not include the amount paid by the executors for the benefit of the beneficiaries as a "succession," for tax purposes, to the said beneficiaries.

Under the title "Inheritance Tax" in the General Code of Ohio are the following pertinent provisions:

"**Sec. 5332 GC.** Property on which tax levied. A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases: 1. When the succession is by will or by the intestate laws of this state from a person who was a resident of this state at the time of his death. * * * Such tax shall be upon the excess of the actual market value of such property over and above the exemptions made and at the rates prescribed * * *.

"**Sec. 5331 GC.** Definitions of terms * * *. 1. The words 'estate' and 'property' include everything capable of ownership, or any interest therein or income therefrom, whether tangible or intangible, and, except as to real estate, whether within or without this state, which passes to any one person, institution or corporation, from any one person whether by a single succession or not. 2. 'Succession' means the passing of property in possession or enjoyment, present or future. * * *."

"**Sec. 5332-4 GC.** Life Insurance policies exempt. Proceeds of policies of life insurance payable on the death of the insured otherwise than to the estate of the insured, shall not be considered as property passing within the meaning of §5332 GC, whether paid directly by the insurer to the beneficiaries designated in such policies or to a trustee designated therein, and to be held and managed by such trustee and distributed to designated beneficiaries under an agreement or declaration of trust in the manner as may have been prescribed by the insured in said agreement or declaration of trust."

The Department of Taxation asserts in argument that "the decedent during his lifetime had a right to and did direct how his estate should be distributed, and, by exercising his prerogative under Sec. 826 (c), directing that the estate should not recover monies paid for Federal taxes for life insurance beneficiaries, he in effect said that the life insurance beneficiaries shall receive an amount equal to what they would have been compelled to reimburse the estate and that the residuary shall be decreased by that amount. Thus, the decedent had an interest in the right of his estate to proceed against the life insurance beneficiaries, and, by cutting off that right, changed the distribution of his estate."

We are told, in Tax Commission etc., v. Lamprecht, Admr., supra (at p. 544),

"that the Ohio inheritance tax is a tax upon the right to receive property from the estate of a decedent. The technical language of the act above quoted taxes the 'succession' which by the statutory definition means 'the passing of property.'"

We also observe that under §5332-4 GC supra that

"the proceeds of policies of life insurance" under these circumstances "shall not be considered as property passing within the meaning of §5332 GC."

As above noted, the tax is not imposed upon the property passing, nor upon the right to transmit property, but is a tax upon the right to receive property. But by specific pronouncement of the Ohio statute, these insurance pro-

ceeds are **not** property subject to a succession tax, and the beneficiaries are accorded the right, without tax, to receive the proceeds from the policies undiminished.

The Department of Taxation says, yes, this is so, but when the executor paid your tax to the federal government with the right to contribution denied the executor by testamentary instructions, this in effect constituted a passing of property; therefore, you must now pay for the right to receive the insurance funds undiminished, although the Ohio statute says such funds are not property within the purview of the succession tax law.

Where shall we find the law which we must embody in our judgment?

In many cases the rule which fits the case may be supplied by the statutes, and the ascertainment of the intention of the legislature becomes a question of interpretation. The difficulties of so-called interpretation arise, however, when the question which is raised on the statute never occurred to the legislature. Does it become the duty of a court to guess what a legislature would have intended on a point not present to its mind, if such point had been present?

The members of this Court are not inclined to indulge in judicial legislation on this question of taxation. It is possible that, had the point been made during legislative discussion, an exception would have been written into §5332-4 GC supra, entitled "Life Insurance Policies Exempt."

We find no property interest possessed by the testator in his life-time in a statutory right which passed to his life insurance beneficiaries under the will. The case before us is not analogous to the forgiveness of a debt by the testator. There is a property interest in a debt which becomes an asset of an estate at death, and if this asset is bequeathed to the debtor, it follows, of course, that there is a testamentary passing of the property.

We are in accord with the statement of the appellant that "although a benefit does accrue to the beneficiary, it is not a property interest held by the decedent which passes to the beneficiary, but a benefit which arises from the exercise of a statutory privilege by a testator in his will."

The judgment will be reversed and final judgment entered for the defendants appellants. Exc. Order see journal.

SKEEL, PJ, HURD, J, concur.