CARRINGTON, Estate of, In re.

Probate Court, Cuyahoga County.

No. 520663.   Decided July 23, 1956.

John J. Brown, Cleveland, for John J. Brown, Executor of the Will of Mary Belle Carrington, deceased.

Arter, Hadden, Wykoff and Van Duzer, George P. Bickford, Cleveland, Frank Harrison, Cleveland, for Trinity Cathedral.

Seth Taft, Cleveland, for The Church Home.

Joseph M. Poe, Cleveland, for The Eliza Jennings Home.

## OPINION

By MERRICK, J.

Item One of the will of the testatrix provides:

"All my just debts, taxes, and costs of administration shall first be paid out of my estate. I request that my last rites shall be simple and conducted as may be specified by the Dean of Trinity Cathedral, with my suggestions that cremation of the body and burial services held at the family plot in Riverside Cemetery would be sufficient, and that any open coffin visiting would be contrary to my wishes. I direct that no inventory of my personal effects and household goods be made if such inventory may be legally omitted."

The question presented is whether or not the language of the first sentence of said item shifts the burden of the Ohio inheritance tax from the successors ordinarily liable under the law to the residuary legatees.

The following statement is contained in 15 A. L. R. (2d) 1224, Section 3:

"A decedent's intent to shift the burden of an estate or succession tax from where it is placed by law must clearly appear or else the court is bound to obey the law's mandate in this respect. Directions found solely in testamentary instruments are generally construed strictly by the courts, and language of doubtful import or language referable only to property passing under the will is not, in the absence of attending circumstances showing a contrary intent, sufficient to change the burden."

At Page 13 of 37 A. L. R. (2d) the following statements are made:

"A testator who desires to shift the burden of taxation from the person or fund which is liable under the law to some other person or fund is free to employ any words or combination of words that he desires. A few simple words may suffice to indicate his intent and effectuate his purpose.

"Nevertheless a good tax clause should expressly state (1) what gifts

or beneficiaries are freed of the burden of taxes, (2) what taxes are affected, and (3) where the burden of taxes is shifted. While a tax clause may be effective even if it does not expressly cover these three elements, the use of a vague clause invites a lawsuit.

"It is often said that an intention to shift the burden of taxation must clearly appear in a will, and that in case of doubt as to the meaning of the will the tax burden will be left where the law places it. A strong reason for requiring that an intention to alter the burden of taxation be clearly expressed lies in the fact that the practical effect of freeing a testamentary gift or benefit from the burden of taxation is to increase that gift or benefit while at the same time the burden of taxes is cast elsewhere and cuts downs some other gift."

As stated on **Page 306** of **74 Oh Ap,** former §5336 **GC** (now §5731.17 **R. C.)** casts the primary burden of the tax upon the successor, unless the testator by appropriate language shifted the burden elsewhere. Said §5731.17 **R. C.,** provides in part as follows:

"\* \* \* Such taxes shall be, until paid, a lien upon the property passing, and the successor and the executors or administrators of the general estate of the decedent, and the trustees of such property shall be personally liable for all such taxes, with interest as provided by §5731.19 **R. C.,** until they have been paid. \* \* \*"

As has been stated many times "the cardinal rule of interpretation of a will is to ascertain and give effect to the intention of the testator." **74 Oh Ap 306.**

At **Page 308** of the **Opinion** in **74 Oh Ap,** the Court said:

"The court finds no fault with the rule referred to in the cited cases, which is substantially that as the practical effect of making a legacy or devise, or other gift, tax free, is to increase the gift and shift the burden of taxation to other or residuary legatees, the intent of the testator to do so must be clear and will not be drawn from vague or uncertain language."

Although the problem involved therein does not relate to the Ohio inheritance tax, the **Gatch case 153 Oh St 401** indicates the strict attitude of the Ohio courts in interpreting a tax clause of a will. In said case Item I of the will provided:

"I direct that all my just debts and funeral expenses be first paid out of my estate, and I further direct that all taxes, both state and federal shall be a charge against the principal of my estate and shall be paid therefrom and shall not be charged against the interest of any distributee."

The Court held that the word "distributee" did not include an insurance beneficiary, and it, therefore, refused to shift the burden of the estate tax from the insurance beneficiary to the estate. The first syllabus of the case reads:

"1. Where there is no specific direction in a testator's will that the Federal estate tax on such part of the federally computed estate as properly arose from proceeds of policies of insurance on the life of the decedent is to be paid out of the decedent's estate, such portion of the tax due to the inclusion of the proceeds of life insurance is not a debt of the decedent or his estate in computing the net Ohio estate under the Ohio Inheritance Tax law."

It would appear quite obvious from a study of Item One of the will of Miss Carrington that no undue attention was given to the matter of the impact of death taxes, federal or state. The first sentence of said Item is similar to the language customarily found in a will. It is very similar to the language contained in the will in the case of Delvina A. Grondin Estate (1953), 98 N. H. 313; 100 Atl. (2d), 160, said language being as follows:

"after the payment of my just debts, funeral charges and expenses of administration, taxes, I dispose of my estate as follows."

In said case the Court observed:

"Furthermore the word 'taxes' appears in the usual and ritualistic preamble of the will along with debts and expenses that the executor would be required to pay even if no such provision were inserted in the will. It is doubtful that either the testatrix or the scrivener gave any specific thought to the legacy and succession tax but in any event the will uses no language sufficient to show an intention to change the statutory incidence of the tax - - -. No special word, phrase or formula is required to shift the payment of the taxes from the legatee to the residuary estate but an intention to do this cannot be inferred from the ambiguous expression used in the will. - - -. The probate court is advised that each legatee and devisee takes under the will subject to the deduction for the legacy and succession tax."

After what appears to be the ordinary "boilerplate" reference to payment of debts, taxes and costs of administration, the testatrix in the case at bar gave more than usual attention to arrangements in connection with her last rites. The third sentence of said Item One is another "boilerplate" provision, the same providing that an inventory of the personal goods of the decedent be dispensed with.

The dearth of Ohio authorities on this subject is indicative of the fact that the point has been raised infrequently. Nearly all wills have stock language of varying types requiring the payment of debts, taxes and costs of administration.

The Ohio inheritance tax laws show clearly the intent to impose a tax on the right to receive property and that the successor is liable for the tax on his succession. If it is the testator's intent to shift such burden such intent "must be clear and will not be drawn by vague or uncertain language."

If the testator employs such required language, his intention will be carried out. **In re Estate of Bingham, 60 Abs 202 (1951).**

The language employed in the will of Miss Carrington does not show a clear intent to shift the burden of the Ohio inheritance tax from the successors where the law places it to other or residuary legatees.

As the Ohio law provides that the burden of the Ohio inheritance tax does not shift from the successors to other or residuary legatees unless the testator shows a clear intent so to do, and as the language employed by Miss Carrington in her will does not evidence such clear intent, it is concluded that the general rule of law applies to the payment of inheritance taxes imposed herein and that each successor shall bear the burden of the tax imposed on his succession. A journal entry may be drawn accordingly.