OVIATT ET AL., EXRS., *v.* OVIATT ET AL.

(No. 752188—Decided July 8, 1970.)

Probate Division, Common Pleas Court of Cuyahoga County.

*Messrs. Kimmel, Martin & Jessee*, for plaintiffs.
*Mr. Norman T. Patton*, for defendant Louise C. Oviatt.
*Mr. Clarence J. Oviatt* and *Mr. Richard A. Oviatt*, for defendants Clarence J. Oviatt et al.

ANDREWS, Chief Referee. This case is concerned with the question of who is to bear the burden of the federal and Ohio estate taxes as between the surviving spouse and the testator's five children by a former marriage. All the children are adults.

The testator's will was executed on May 9, 1968, and he died on June 8, 1969.

Item 2 of his will reads as follows:

"I direct my executors to pay all inheritance, federal estate and any other similar taxes, and none of the beneficiaries named in my will shall be required to contribute any money toward payment of same."

Item 3 is lengthy and need not be set forth in full.

By the first paragraph of Item 3, the testator devises and bequeaths to his wife, if she survives him,

"* * * an amount equal to one-third of my adjusted gross estate (as finally determined in the Federal Estate Tax for my Estate) diminished by the value for Federal Estate tax purposes of all other items in my said gross Federal Estate which shall pass or have passed from me to my wife under other provisions of this Will or otherwise."

In the second paragraph, the testator directs, in part, that only assets which qualify for the marital deduction shall be allotted to his wife's fractional share.

The third paragraph of Item 3 is of major importance, and I quote it in full.

"In making the computation necessary to determine such fractional share for my wife, the final determination in the Federal Estate Tax proceedings shall control and *such share shall not be reduced by any estate, inheritance transfer, succession or like tax.*" (Emphasis added.)

Item 4 contains several general (pecuniary) bequests.

Item 5 states that the testator has "considerable life

insurance in favor of my five children,'' and gives the location of the policies.

By Item 7, the testator gives all the rest and remainder of his estate to his five children (naming them) in equal shares.

In requesting a construction of the will, plaintiffs, who are the coexecutors of the estate, express doubt as to the computation of the fractional amount of the estate left to the surviving spouse. They want to know whether her share is to be computed as an amount equal to one third of the adjusted gross estate *prior* to the payment of federal and Ohio estate taxes or whether her share is to be computed at a one-third fraction of the *net* estate *after* the payment of such taxes. Stated in another way, shall the surviving spouse bear a proportionate share of the estate taxes or are they all to be charged against the Item 7 remainder?

In general, the federal estate tax law does not undertake to specify who shall bear the burden of the tax, but leaves the matter to state law. *Riggs* v. *Del Drago* (1942), 317 U. S. 95. (For the two exceptions, neither of which is before us in the present case, see Int. Rev. Code of 1954, 26 U. S. Code, Sections 2206 and 2207.)

Consequently, we must look to the law of Ohio for the answer to the plaintiffs' question. In accordance with the general rule, the Ohio courts will follow a direction by the testator in his will with respect to the ultimate burden of estate taxes. *E. g., Central Trust Co.* v. *Lamb* (1944), 74 Ohio App. 299. See 29 Ohio Jurisprudence 2d, Inheritance and Estate Taxes, Section 84. Naturally, the so-called ''tax clause'' must manifest a clear intention as to where the burden falls. *In re Estate of Carrington,* 73 Ohio Law Abs. 381 (Probate Court 1956); 29 Ohio Jurisprudence 2d, Inheritance and Estate Taxes, Section 84.

Such a clear intention is shown in Mr. Oviatt's will. In Item 3 he makes a marital deduction bequest to his wife of one third of his adjusted gross estate. The adjusted gross estate is computed ''by subtracting from the entire value of the gross estate the aggregate amount of the de-

ductions allowed by Sections 2053 and 2054." Int. Rev. Code of 1954, 26 U. S. Code, Section 2056 (c) (2) (A). In general, these deductions include such items as funeral and administration expenses, claims against the estate, and losses by fire, theft, and so forth. Int. Rev. Code of 1954, 26 U. S. Code, Sections 2053 and 2054.

The aggregate amount of the marital deduction "shall not exceed 50 percent of the value of the adjusted gross estate * * *." *Id.*, Section 2056 (c) (1).

If, by the law of the state, any estate or inheritance taxes, federal or state, are chargeable in whole or in part against the marital deduction bequest, thereby reducing the amount of the bequest, the marital deduction will be correspondingly reduced and the federal estate tax increased. *Id.*, Section 2056 (b) (4) (A); see *Foerster* v. *Foerster*, 71 Ohio Law Abs. 129 (Probate Court, 1954).

To prevent this increase in the federal estate tax is undoubtedly one of the main reasons for the insertion of a "tax clause."

As already noted, Mr. Oviatt, in the third paragraph of Item 3 of his will, expressly directs that the fractional share bequeathed to his wife "shall not be reduced by any estate, inheritance transfer, succession or like tax." How he could have expressed his intention more clearly, I cannot imagine. The language used in Item 3 is capable of only one meaning, namely, that he wanted his wife to receive one third of his adjusted gross estate without diminution for death taxes.

To the suggestion that in reality the testator did not have any such intention, but wanted his wife to receive one third of the adjusted gross estate minus taxes, the following quotation is pertinent.

"In cases construing tax clauses, it is sometimes said that the real question is, not what did the testator mean to say, but what did he mean by what he said." 42 American Jurisprudence 2d, Inheritance, Estate, and Gift Taxes, Section 351.

Against the view that the widow is entitled to one third of the adjusted gross estate without diminution for

estate taxes, Mr. Oviatt's children argue that we must look at the whole will to discover his intent, and that when we do so, it is clear that he wanted his widow to have one third net and the children two thirds net.

This argument might have merit were it not for the tax clause already quoted and discussed. While it is true that we must look at the whole will, it is likewise true that we have no right to disregard the express language of the tax clause, which is the only clause dealing directly with the matter.

The further argument is made that by leaving his widow only one third of the adjusted gross estate, instead of the one half permitted by law as a marital deduction, the testator showed an intention that the bequest to her and the bequests to the children should all be on the same basis, *i. e.*, net after taxes.

Here again we run up against the express language of the tax clause. There is no compulsion upon a person to provide in his will for the maximum marital deduction; and to conclude that because he provides for a lesser amount, a perfectly good tax clause becomes a nullity, is patently unreasonable.

As already mentioned, Item 5 of Mr. Oviatt's will states that he had "considerable" life insurance in favor of his children. It is contended that subjecting the children's share of the estate to the burden of all the estate taxes will result in diminishing the amount of the life insurance left to them—a result, it is said, which Mr. Oviatt surely did not wish. The answer is that any diminution suffered by the children is not in the life insurance proceeds but in the size of their bequests, and this diminution is clearly called for by the tax clause.

As a matter of fact, under the federal estate tax law, insurance beneficiaries are liable for a proportionate share of the federal estate tax unless the decedent directs otherwise in his will. Int. Rev. Code of 1954, 26 U. S. Code, Section 2206. This issue is not raised in the present case, probably because of Item 2 of the will and because the insurance beneficiaries and the residuary beneficiaries are

the same people. See *In re Estate of Bingham*, 60 Ohio Law Abs. 202 (Court of Appeals 1951); 6 Mertens, Law of Federal Gift and Estate Taxation, Sections 44.08-44.11, inclusive.

The argument that Mr. Oviatt's failure to change the beneficiary on any of his life insurance policies after his second marriage indicates an intention that the one third left to his wife should be net after taxes is untenable. His failure to make his wife the beneficiary of one or more of his policies is totally unrelated to the tax clause in Item 3 of his will. Actually, the children are benefiting by the life insurance, which gives them an additional amount to that given them by the will.

A further argument relates to Item 2 of the will, which I will quote again.

"I direct my executors to pay all inheritance, Federal Estate and any other similar taxes, and none of the beneficiaries named in my Will shall be required to contribute any money toward payment of same."

The argument is that to put the burden of the estate taxes on the children's share of the estate violates the above item in that to do so constitutes a contribution of money by them toward payment of the taxes.

It is elementary that the several parts of a will must be reconciled if possible. There is nothing to prevent the application of that doctrine as between Item 2 and the tax clause in Item 3. The latter is a clear, specific provision relieving the marital deduction bequest from the burden of estate taxes and thereby decreasing the amount of the federal estate tax. It would be strange, indeed, to interpret the language of Item 2 as intended to nullify such a definite provision.

At the time Mr. Oviatt's will was executed, the Ohio inheritance tax law was still in effect. That law placed the tax liability for a "succession" upon the "successor." See former R. C. 5731.17, now repealed; Merrick-Rippner, Ohio Probate Law (2d Ed.) Text 323 (1) (1.01). Clauses such as that in Item 2 are intended to relieve the "successor" from "contributing" the amount of his succession

tax by directing the executor to pay the tax and not charge it against the successor or collect it from him.

Such clauses are also inserted to bar the executor from collecting estate taxes chargeable against persons receiving nonprobate assets, such as life insurance proceeds, referred to above, and, instead, to place the ultimate liability for these taxes on the estate, assuming, of course, that it has sufficient funds. See *In re Estate of Gatch* (1950), 153 Ohio St. 401 (clause held insufficient); *Central Trust Co.* v. *Lamb* (1944), 74 Ohio App. 299 (clause held sufficient); Karch, The Apportionment of Death Taxes, 54 Harvard Law Review 10 (1940).

Item 2 has nothing to do with the burden of the estate taxes as between the widow's share and the children's share. I hold that there is no language in Item 2 which renders inoperative the tax clause in Item 3.

Inasmuch as the tax clause is effective and means what it says, I refrain from any discussion about where the burden of the estate taxes would lie in the absence of a tax clause.

Conclusions of Law

1. The share of the testator's widow, Louise C. Oviatt, in the testator's estate, shall be computed as an amount equal to one third of the adjusted gross estate, and such share shall not be reduced by any estate tax, federal or state.

2. All estate taxes, federal and state, are to be paid out of the "rest and remainder" of the estate, bequeathed and devised by Item 7 of the will.

Inasmuch as the former Ohio inheritance or succession tax has been replaced by an estate tax (R. C. Chapter 5731), effective before Mr. Oviatt's death, no reference to an inheritance tax or a succession tax has been made in the above conclusions of law.