Argued and submitted February 13, affirmed June 1,
reconsideration denied July 16,
petition for review denied August 4, 1981 (291 Or 419)

In the Matter of the Estate of
Lorentz A. Bruun, deceased.

GILES, now known as LILLY,
*Appellant,*

*v.*

BRUUN,
*Respondent.*

(No. 123-314, CA 17813)

628 P2d 1272

Elliot H. Holden, Portland, argued the cause for appellant. With him on the brief was Ivan J. Vesely, Portland.

Leonard H. Beasley, Portland, argued the cause for respondent. With him on the brief was Samuels, Samuels, Yoelin & Weiner, Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Appellant is a beneficiary under a will and codicil thereto which were executed by decedent Lorentz Bruun on July 11, 1974, and April 7, 1975, respectively. Testator died on June 9, 1975. The will and codicil were admitted to probate, and petitioner sought an order that inheritance and estate taxes were not required to be apportioned. The trial court, after a hearing, denied the petition. We affirm.

Insofar as is relevant to the determination of this case, the will provides:

"*FIRST:* I direct that all my just debts, including the expenses of my last illness and funeral, be first paid out of my estate.

"*SECOND:* I bequeath, net to taxes, the following:
" * * * * *

"$25,000.00 to Elizabeth Giles, and 10 shares of Oregon Pioneer Savings and Loan Assn. for medical services she rendered.

"*THIRD:* I bequeath also to Elizabeth Giles one-quarter of one-half interest in the following described property in Converse County, State of Wyoming:

| "TWP. 35 N., | RNG. 70 W. |
| "Section 13; | ALL" |

The codicil provides:

"I bequeath to ELIZABETH GILES, net to taxes, the following: [thereafter decedent listed shares of stock in ten different companies]."

The sole question for review is whether the phrase "net to taxes" contained in the testator's will was a sufficient directive against apportionment to avoid apportionment of federal estate and Oregon inheritance taxes in the manner prescribed by the Uniform Estate Tax Apportionment Act (ORS 116.313).

ORS 116.313 provides:

"Unless the will otherwise provides, the tax shall be apportioned among all persons interested in the estate. The apportionment shall be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax shall be used for that purpose. In the event the decedent's will directs a method of apportionment of tax

different from the method described in ORS 116.303 to 116.383, the method described in the will shall control. A mere testamentary direction to pay debts, charges, taxes or expenses of administration shall not be considered a direction against apportionment of estate taxes."

The Uniform Estate Tax Apportionment Act is to be construed so as to provide uniformity in the law among the states which have enacted it, ORS 116.383, and, accordingly, the construction given to the Uniform Act by other states which have adopted it is persuasive. *See Tripp and Saunders v. Renhard et al,* 184 Or 622, 648, 200 P2d 644 (1948).

Although only a small number of states have adopted the Act,[1] guidance is not lacking as to the manner of the Act's construction.

"Over one-half of the states have enacted laws of similar import and the aim of the commissioners was to incorporate into the Uniform Act the most desirable features of the several state acts. There are innumerable cases from those states construing directive tax clauses of a will in the light of statutory provisions, and while there is diversity in the result reached because of the variance in the language used, there is much unanimity in the observance of certain general principles for purposes of construction.

"Practically all of the cases agree that a directive against apportionment should be expressed in clear and unambiguous language. Depending, of course, upon the complexity of the testamentary plan a few simple words may suffice to effectuate that purpose. It is essential, however, that the words, or combination of words, used in the will sufficiently indicate an intention against apportionment. In case of doubt the burden of the taxes must be left where the law places it. [Citation omitted.] It has been said that a sufficient tax clause should expressly state '(1) what gift or beneficiaries are freed of the burden of taxes, (2) what taxes are affected, and (3) where the burden of

---

[1] The 1958 Uniform Estate Tax Apportionment Act has been adopted by the following states: Alaska, 1972; Michigan, 1963; Montana, 1974; New Hampshire, 1959; Wyoming, 1959. The Uniform Act, as revised in 1964, has been adopted by these states: Hawaii, 1972; Maryland, 1965; North Dakota, 1973; Oregon, 1969; Rhode Island, 1971; Vermont, 1975. 8 Uniform Laws Ann. 76-81 (1980 p.p.).

Section 2 of the Uniform Act, from which the provisions of ORS 116.313 were taken, was unchanged in the 1964 revision. Uniform Estate Tax Apportionment Act, § 2 (1958, *rev* 1964), *reprinted in* 8 Uniform Laws Ann. 160, 172 (1972).

taxes is shifted.' 28 Am Jur, Inheritance, Estate and Gift Taxes, § 488, p 353." *In re Ogburn's Estate,* 406 P2d 655, 657-658 (Wyo 1965).

■      The burden of proving a basis for nonapportionment is upon the party challenging the presumption that apportionment was intended. *In re Ogburn's Estate, supra,* at 658; *In re Pepper's Estate,* 307 NY 242, 120 NE2d 807, 811 (1954); *Re Blumenthal's Estate,* 42 NYS2d 898, 902 (1943), *aff'd* 47 NYS2d 652, *aff'd* 293 NY 707, 56 NE2d 588 (1944). The language used by the testator should be tested by comparing it with the criteria noted in *In re Ogburn's Estate, supra. See also Cornell v. Cornell,* 165 Conn 376, 334 A2d 888 (1973); and *In re Carrington's Estate,* 136 NE2d 182 (Ohio 1956).

■      Here the trial court concluded that testator's phrase "net to taxes" could be construed as "net after taxes," but we conclude that if the phrase can be construed to mean anything at all, it can as readily be construed as "net subject to taxes." In any event, the language is clearly insufficient to tell us what the testator had in mind. It is not a clear and unambigous statement that taxes should not be apportioned or that any of the gifts were to be relieved of the burden of taxation. Additionally, as correctly noted by the trial court: "The decedent's will does not direct a *method* of apportionment as appears to be required by ORS 116.313." Moreover, it fails to specify what taxes are affected or where the burden of taxes is to be shifted. Testator's will shows no semblance of compliance with ORS 116.313 and does not, when tested by the three criteria set out in *In re Ogburn's Estate, supra,* provide us with a basis from which we may ascertain how testator intended taxes to be treated in the probate of his estate. Accordingly, federal estate taxes and Oregon inheritance taxes in respect to these bequests must be apportioned as provided by ORS 116.303 to 116.383.

Affirmed.