In the Matter of the Estate of
Donald R. Barker, Deceased.

**BARKER,**
*Appellant,*

*v.*

**BARKER et al,**
*Respondents.*

(50-80-00540; CA A26305)

672 P2d 370

Barbee B. Lyon, Portland, argued the cause for appellant. With him on the briefs was Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Vernon D. Gleaves, Eugene, waived appearance for respondents Coeta Barker and Joseph A. Moore (in their capacities as co-personal representatives and executrix and executor of the estate of Donald R. Barker).

James P. Harrang, Eugene, waived appearance for respondents Reese.

Maurice O. Georges, Portland, waived appearance for respondents Joseph A. Moore, Vernon D. Gleaves and James Reinmuth (in their capacities as trustees).

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Coeta Barker, as the widow of Donald R. Barker, deceased, appeals from an order directing that she pay the share of the Oregon inheritance taxes apportioned to her under the Uniform Estate Tax Apportionment Act, ORS 116.303 *et seq.* We affirm.

This proceeding was initiated by co-personal representatives of the decedent's estate seeking instructions from the circuit court pursuant to ORS 114.275[1] regarding the apportionment of inheritance taxes under the decedent's will and codicil thereto. Article IV of the will bequeaths to the testator's widow, partially outright and partially in trust,

"* * * that amount which, when added to the total value for Federal estate tax purposes of all other interests in property that pass or have passed from me to my wife under other provisions of this Will or outside this will, and which are includable in my gross estate for Federal estate tax purposes and qualify for the marital deduction, equals fifty percent (50%) of the maximum marital deduction allowable for Federal estate tax purposes."

The will also provides for outright cash bequests, charitable remainder unitrusts, residuary bequests in trust and gifts of personal property to various individuals. The codicil directs that all estate, inheritance and death taxes are to be paid out of one of the residuary trusts

"* * * without adjustment among the residuary beneficiaries, and shall not be charged against or collected from any beneficiary of my probate estate."

Because the total amount of the federal estate and Oregon inheritance taxes owing exceeds the amount of the residuary trust from which the taxes were to be paid, the co-personal representatives sought instructions as to who should bear the

---

[1] ORS 114.275 provides:

"A personal representative shall proceed with the administration, settlement and distribution of the estate without adjudication, order or direction of the court, except as otherwise provided in ORS chapters 111, 112, 113, 114, 115, 116 and 117. However, a personal representative or any interested person may apply to the court for authority, approval or instructions on any matter concerning the administration, settlement or distribution of the estate, and the court, without hearing or upon such hearing as it may prescribe, shall instruct the personal representative or rule on the matter as may be appropriate."

burden of the excess tax. Because the interested parties have agreed that no part of the federal tax may be apportioned to the widow's share, we are concerned here only with the state inheritance tax.

■ The Uniform Estate Tax Apportionment Act, ORS 116.313, provides:

"Unless the will otherwise provides, the tax shall be apportioned among all persons interested in the estate. The apportionment shall be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax shall be used for that purpose. In the event the decedent's will directs a method of apportionment of tax different from the method described in ORS 116.303 to 116.383, the method described in the will shall control. A mere testamentary direction to pay debts, charges, taxes or expenses of administration shall not be considered a direction against apportionment of estate taxes."

The burden of proving a basis for nonapportionment is on the party challenging the presumption that apportionment was intended. *Giles v. Bruun,* 52 Or App 635, 639, 628 P2d 1272 (1980), *rev den* 291 Or 419 (1981).

■ Appellant contends that the bequest to her of the "maximum marital deduction allowable for federal estate tax purposes" not only described the interest she was to take, but also constituted a direction that no part of the Oregon inheritance tax is to be apportioned to her. Her argument is that, if Oregon inheritance taxes are to be charged against the spouse's share, the marital deduction would no longer be maximum.

In *Giles v. Bruun, supra,* 52 Or App at 638, we adopted the criteria set forth in *In re Ogburn's Estate,* 406 P2d 655, 657-58 (Wyo 1965), as governing the question of testamentary intent as to apportionment. There, the court stated:

"Practically all of the cases agree that a directive against apportionment should be expressed in clear and unambiguous language. Depending, of course, upon the complexity of the testamentary plan a few simple words may suffice to effectuate that purpose. It is essential, however, that the words, or combination of words, used in the will sufficiently indicate an intention against apportionment. In case of doubt the burden

of the taxes must be left where the law places it. It has been said that a sufficient tax clause should expressly state '(1) what gifts or beneficiaries are freed of the burden of taxes, (2) what taxes are affected, and (3) where the burden of taxes is shifted.' 28 Am Jur, Inheritance, Estate and Gift Taxes, § 488, p 353. * * *" (Citation omitted.)

In *Giles,* we concluded that the testator's use of the phrase "net to taxes" was not a clear and unambiguous statement that taxes should not be apportioned or that any of the gifts were to be relieved of the burden of taxation.

Appellant contends that, because cases from other jurisdictions predating the execution of the will held that a bequest of the "maximum marital deduction" is a directive against apportionment, the testator is presumed to have known the law and to have used the phrase with the knowledge of its meaning. Even if we assume that to be the case, he is also presumed to have been aware of ORS 116.313, which he addressed directly by providing expressly that all death taxes be paid out of a particular residuary trust and that they not be charged against or collected from *any* beneficiary. The clearest intention expressed, therefore, is that none of the beneficiaries be charged, but it cannot be given effect because of inadequate funding. There is nothing to indicate that the testator considered the possibility that the residuary trust would be inadequate or that he used the phrase "maximum marital deduction" to single out his spouse for protection if that event occurred.

In the context of this will and codicil, the use of the phrase "maximum marital deduction" is not a sufficient direction to avoid apportionment of the Oregon inheritance taxes when the testator's intention to save all of the legatees from being charged cannot be carried out. Accordingly, they must be apportioned among all of the beneficiaries as provided by ORS 116.313.

Affirmed.