SARAH DeFOREST STARR ET AL. *vs.* GEORGE D. WATROUS, EXECUTOR, ET ALS., (ESTATE OF MARION C. E. DUNSCOMB).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 10th—decided March 28th, 1933.

*Lucius F. Robinson,* with whom was *John C. Parsons,* for the appellant (appellee in Superior Court).

*Anson T. McCook,* for the appellees (appellants in Superior Court).

HINMAN, J. Marion C. E. Dunscomb died in New Haven in September, 1930, leaving a will dated April 7th, 1926, Article I of which is: "I direct that all my just debts, funeral expenses, succession and other taxes be paid by my executors hereinafter named." In their account the executors claimed credit for payment to the state treasurer for succession taxes, indicating an intention to pay these taxes out of the estate and to pay the pecuniary legacies without deduction therefor. After hearing, at which the residuary legatee objected to that feature of the account, the Court of Probate ordered the account to be so restated that these taxes would be deducted from the legacies. Upon appeal the Superior Court sustained the course

adopted by the executors and rendered judgment ordering the account to be so restated as to charge the taxes to the residue.

The inquiry on this appeal is whether the will of the decedent expresses an intention that the succession taxes upon the legacies should be paid out of her estate, instead of from the legacies. The applicable provision of the statutes concerning the payment of succession taxes, in effect at the time when the will was made and which the testatrix must be deemed to have had in contemplation, was that, except as otherwise provided by a will, "such tax shall be paid from property passing to the donee, beneficiary or distributee, unless such recipient shall pay to the administrator, executor or trustee the amount thereof." Public Acts, 1921, Chap. 297, § 6; General Statutes, 1918, § 1268; Public Acts, 1915, Chap. 332, § 10. The obvious purposes of this provision were to clarify and render more definite than had prior statutes (General Statutes, 1902, §§ 2370, 2372; Public Acts, 1913, Chap. 231, §§ 5 and 7) the procedure for payment of the tax and further facilitate and insure its collection by the State in the most direct and convenient manner. The same provision was retained in the revised Act, Public Acts, 1929, Chap. 299, § 29, and in General Statutes, 1930, § 1388. In addition, § 36 of the 1929 Act, now § 1395 of the General Statutes, made administrators and executors personally liable for the tax, and § 37 (General Statutes, § 1396) provided that "in the absence of a provision in the will charging the tax imposed by the provisions of this chapter to the residuary estate or to some particular fund, an executor, administrator or trustee receiving property, the transfer of which is subject to the tax imposed by this chapter, shall not deliver such property to the transferees with-

out retaining a sufficient portion thereof to pay the tax or, in case of a specific legacy, without collecting the tax from the transferees."

The exceptions mentioned in § 1388 and § 1396 confirm the recognition given in *Sherman* v. *Moore* (1915)' 89 Conn. 190, 194, 93 Atl. 241, that a testator may free any or all gifts under his will from diminution, by succession tax, in the amount receivable by the legatee, by providing for payment of the tax in some way other than through deduction, by the executor, from the amount of the legacy, of the sum required to be paid as the tax thereon. A testamentary direction that the tax be paid out of the residuary estate or some particular fund would be particularly appropriate in the case of a transfer of specific property or of a specific legacy, to which § 1396 has reference, but, in general, all that is required is that the will sufficiently express an intent that the tax shall be paid out of the estate of the testator other than the property passing to the recipient as donee, beneficiary or distributee. A natural and appropriate method of accomplishing this purpose is to provide for payment of the tax in like manner as debts of the estate and funeral expenses, the result of this course being that the tax ultimately comes out of the residuary estate.

The determinative question in this case is whether the will of Mrs. Dunscomb effectively expresses an intention that the succession taxes upon the legacies therein made and provided for should be so paid. As was observed in *Sherman* v. *Moore, supra*, p. 193, "As the practical effect of a provision making a legacy or devise free of tax is to increase the gift, and to shift the burden which the legacy or devise would ordinarily bear on to the shoulders of the residuary beneficiaries, the intent of the testator to make such a gift will not be drawn from vague or uncertain language. It must

clearly appear." On the other hand (p. 194) "a few simple words" will suffice to indicate such an intent and effectuate that purpose.

If the testatrix had merely directed that her debts, funeral expenses, and taxes be paid by her executors, without specific mention of succession taxes, the provision doubtless would be construed as referring only to taxes which are ordinarily payable out of the estate as are other debts of the testatrix and, as in *Jones Estate*, 12 Pa. Dist. R. 83, not expressing with sufficient clearness an intention to include taxes normally payable out of the several legacies. See also note, 51 A. L. R., p. 456 *et seq.* In such a situation, also, there would be force in the contention that a clause exclusively devoted to such directions and appearing as the first article of the will should be regarded as merely formal and introductory, included in compliance with a custom which has long been almost universal, but superfluous so far as concerns the imposition of liabilities upon the estate beyond those existing, without such directions, under the general laws. *Peck* v. *Botsford*, 7 Conn. 172, 176; *Matter of City of Rochester*, 110 N. Y. 159, 17 N. E. 740; 2 Page, Wills (2d Ed.) § 1299, p. 2160; 28 R. C. L. p. 302.

The specification of succession taxes, an item outside the category of debts and other charges against the estate as such, and ordinarily having and given no place in such an introductory clause, cannot be dismissed as being without significance. It must have been deliberately inserted for a special purpose and with intended meaning regarding the payment of these taxes. The testatrix must be presumed to have known that, unless she directed otherwise, the succession taxes paid would be deducted from the several legacies. The presence of the provision for them in the will evinces a desire and intention that they should be sat-

isfied in some other way, and inclusion of them in the same classification as debts, funeral expenses and ordinary taxes can hardly be regarded otherwise than as expressing an intention that they should be paid out of the estate in the same way and from the same funds as these other charges. This conviction is fortified by the consideration that the will, as a whole, indicates that it was prepared by a skilled and experienced draftsman, expressing the desires of the testatrix with simplicity and brevity but with full knowledge and recognition of the legal requirements. It is most unlikely, therefore, that the provision under consideration was inserted perfunctorily without significance or intention that it should have effect in altering the method and source of payment of these taxes which, lacking such a provision, the statute would require. While it now develops that it would have been preferable to make a more specific provision which would have definitely precluded the question involved in this appeal, the draftsman and the testatrix could well have considered the method adopted, in line with the simplicity and directness characterizing the entire will, as sufficiently expressing the desire of the testatrix that these taxes should be classed with and paid, like the administration charges with which they were enumerated, out of the estate.

Counsel for the appellees claims that confirmation of an intent that the legacies should pass free of tax is afforded by a subsequent Article (III) of the will which bequeaths, absolutely, $50,000 to two specified legatees, to be equally divided between them, and adds, "It is my wish, however, that the principal sum thus given to each be preserved intact, so far as may be, and left by each to her children. . . ." It is sought to construe this clause as expressing an intention that each of the legatees should receive $25,000 without

any diminution by payment of the tax or otherwise. We regard the quoted words as merely precatory to the legatees to maintain the principal sum received by them undiminished if, or as far as, possible, for transfer to the children of each; but we find the first clause adequate to sustain the judgment of the Superior Court that the legacies be not charged with the succession taxes but that they be paid out of the decedent's estate.

There is no error.

In this opinion the other judges concurred.