[No. 33105. Department One. April 1, 1955.]

*In the Matter of the Estate of* LILLIAN HENDERSON, *Deceased.*
MYRTLE HAMILTON CLARK *et al., Appellants,* v. VIOLET NASH
*et al., Respondents.*[1]

*Boyle & Boyle* and *Eisenhower, Hunter, Ramsdell & Duncan,* for appellants.

*Horace G. Geer,* for respondent.

OTT, J.—Lillian Henderson died testate. She devised specific income real estate to her niece, Violet Nash. The remainder of her estate was bequeathed and devised to others, "after payment of all of my just debts, *taxes,* and costs of administration." (Italic ours.)

[1]Reported in 281 P. (2d) 857.

The court concluded (1) that the residue should be charged with the payment of all inheritance taxes, and (2) that, during the administration of the estate, the devisee Violet Nash should receive the net income of the property devised to her.

The residuary heirs have appealed, alleging error as to both rulings.

■ The trial court erred in its conclusion that the inheritance tax on the devise to Violet Nash should be paid from the residue of the estate. The state inheritance tax is a tax on the right to receive. *In re Fotheringham's Estate,* 183 Wash. 579, 585, 49 P. (2d) 480 (1935), and cases cited; *In re Knight's Estate,* 31 Wn. (2d) 813, 817, 199 P. (2d) 89 (1948), and cases cited.

RCW 83.08.060 [*cf.* Rem. Supp. 1943, § 11202] provides:

"The taxes imposed and the exemption with respect to each class of beneficiaries shall be apportioned between the beneficiaries in such class in proportion to the amount receivable by such beneficiary."

■ The wishes and intention of the testator must govern the distribution of an estate. He could provide that certain bequests and devises be made free and clear of any claim for taxes. *Seattle-First National Bank v. Macomber,* 32 Wn. (2d) 696, 703, 203 P. (2d) 1078 (1949). However, the intention to make such a provision must be expressed in the will. A mere statement that the testator desires his taxes to be paid does not clearly express an intention to charge his estate with taxes imposed by law upon a beneficiary.

The appellants' second contention is that the court erred in awarding the income of the specially devised real estate, during the period of probate, to the devisee.

Appellants rely upon *In re Williams' Estate,* 167 Wash. 524, 10 P. (2d) 219 (1932). In that case, the court determined that interest was not to be paid on a cash bequest, unless the will specifically directed that it be paid. The income from real estate was not involved and, hence, the case is not authority for the issues presented here.

Respondents rely upon *In re Patrick's Estate,* 195 Wash. 105, 79 P. (2d) 969 (1938). In that case, the court found

it necessary to construe the meaning of Rem. Rev. Stat., § 1366 [*cf.* RCW 11.04.250], as it applies to rents collected from real property during the probate of an estate. At p. 108, the court said:

"The real property and the right to the rents, issues, and profits thereof vested in Dorothy Fredden, at the instant of the death of Mrs. Patrick."

■ We construe RCW 11.04.250 [*cf.* Rem. Rev. Stat., § 1366] to mean that real property and the right to receive the income therefrom vest in the devisee as of the date of the death of the decedent, subject only to the trusteeship of the executor during the probate of the estate.

The order of the trial court is reversed with reference to the payment of the inheritance tax, and affirmed with reference to the income from the specifically devised real property. The cause is remanded, with direction to enter an order in accordance with the opinions expressed herein.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.