CLAIRE C. CRUMP, EXECUTRIX (ESTATE OF WALTER G. CRUMP, JR.) *v.* CLAIRE C. CRUMP ET AL.

SUPERIOR COURT  FAIRFIELD COUNTY  FILE NO. 101905

Memorandum filed November 4, 1957.

*Cummings & Lockwood,* of Stamford, for the plaintiff.

*Macrides, Zezima & Schwartz,* of Stamford, for the defendant Claire C. Crump.

*Alphonse C. Jachimczyk,* of Stamford, for Constance Eudora Crump, Walter Gray Crump III, Cynthia Beale Crump, and for undetermined or unborn persons.

*Cressy, Bartram, Melvin & Sherwood,* of Stamford, for National Life Insurance Company and Mutual Benefit Life Insurance Company.

*Marsh, Day & Calhoun,* of Bridgeport, for Equitable Life Assurance Society of the United States and John Hancock Mutual Life Insurance Company.

COVELLO, J. Walter Gray Crump, Jr., died May 9, 1956, at the age of 54 years. He left a will dated February 21, 1952, which was admitted to probate by the Probate Court for the district of Darien on May 23, 1956. The plaintiff is the duly qualified executrix under the will. The deceased left him surviving a widow and three children. Under the will, nonresiduary legacies having a total value of $154,000 were left to the widow and nonresiduary legacies of $10,000 were left to each of the three children. The will then provided that the rest, residue and remainder of the testator's property is to be divided into two equal parts. One of said parts is given to the widow and the other part is given to a trustee to divide the same into three equal parts and to hold each

of said parts in trust for the benefit of each of the testator's three children. The widow is named executrix and trustee under the will. The will contains the following provision: "I direct that all inheritance, transfer and estate taxes that may be levied against my estate, or any of the bequests, legacies or devises hereto, be paid out of my residuary estate as an expense of the administration thereof." I shall refer to this as the tax clause.

The value of the testator's estate for death tax purposes after the payment of debts and administration expenses is $1,972,000. In this amount there are included certain bank accounts which stood in the joint names of the testator and his widow in the amount of $80,000, which passed to the widow upon the death of the testator, and $428,000 in insurance upon the life of the testator, in which the widow and the three children are named beneficiaries. The widow is the income beneficiary of 31 per cent of the life insurance proceeds and the children are income beneficiaries of the remaining 69 per cent of the life insurance proceeds.

The question presented by this action is the extent to which the tax clause constitutes an effective direction against the proration of federal estate taxes and the Connecticut succession tax among the persons interested in the property. It is conceded by all parties in interest that the tax clause constitutes an effective direction against proration of all estate and succession taxes attributable to the nonresiduary legacies provided in the will. The parties are at issue as to whether the tax clause is an effective direction against proration as to estate and succession taxes attributable to the shares of the beneficiaries of the residuary estate and to nontestamentary property in the form of jointly owned property and proceeds of life insurance passing outside the will.

The controlling consideration in the construction of wills is the expressed intention of the testator. In seeking to determine this intent, we examine the language of the entire will in the light of the circumstances which surrounded the testator at the time he executed it, the real question being, not what did the testator mean to say, but what did he mean by what he said. *McLaughlin* v. *Green,* 136 Conn. 138, 142. Since the practical effect of a testamentary direction against proration is to increase the size of some gifts by shifting the burden of absorbing taxes to others, such a directive must be clear and unambiguous. *New York Trust Co.* v. *Doubleday,* 144 Conn. 134, 141. In determining whether the testator intended to include property which passes outside of the will within the directive against proration in the tax clause of the will, it is significant that nowhere in the will does the testator mention the joint bank accounts or the insurance policies on his life, although they are substantial in amount and constitute approximately 25 per cent of the gross taxable estate. Furthermore, it appears that the testator used the word "estate" in at least three other places in the will where he clearly indicates that by using the word "estate" he meant only the property which he had a right to dispose of by will. Thus in the ninth clause of the will the testator directed the executrix to divide "all the rest, residue and remainder of my property and estate"; in clause 12(a) the executrix is empowered "to sell . . . lease, mortgage and exchange all or any part of my estate, both real and personal"; and in clause 12(d) the executrix is authorized "to perform any other act necessary for the proper administration of, and in the interest of, my estate." It cannot be said that the testator under the circumstances intended to give the word "estate" in the tax clause a different meaning from that which he gave to it in the rest of the will. The court concludes that

the tax clause contained in the will is not an effective direction against proration of all estate and succession taxes attributable to property passing outside of the will.

The parties in interest agree that the tax clause constitutes an effective direction against proration of all estate and succession taxes attributable to the nonresiduary legacies provided in the will. The widow, however, takes the position that the tax clause is not an effective direction against proration as to estate and succession taxes attributable to the shares of the beneficiaries of the residuary estate. She claims that the provisions of the tax clause are not sufficiently clear and unambiguous to make the proration statute (Cum. Sup. 1955, § 1159d) inoperative as to the residuary gifts. Our Supreme Court recently passed upon a somewhat similar tax clause in *New York Trust Co.* v. *Doubleday,* supra. The provision for the payment of taxes in the case at bar differs materially from the provisions in the *Doubleday* case. In that case the testator provided as follows: "I direct my executors to pay from my residuary estate all estate, inheritance, transfer, succession and other death taxes . . . ." In the case at bar the testator directs that "all inheritance, transfer and estate taxes that may be levied against my estate, or any of the bequests, legacies or devises hereto, be paid out of my residuary estate as an expense of the administration thereof." It is clear that the testator intended that all taxes should be paid by the executrix and charged as an expense of the administration of the estate in the same manner as other administration expenses, such as executors' fees, counsel fees, and the like, may be paid. The court concludes, therefore, that the tax clause is an effective direction against the proration of taxes attributable to the shares of the beneficiaries of the residue of the estate.

The answer to question 1(a)[1] in the amended claims for relief is "No." The answer to question 1(b)[2] in the .amended claims for relief is "Yes."

[1] "1(a) Does Article Twelfth (b) constitute an effective direction against proration of federal estate taxes and the Connecticut succession tax among the persons interested in the property passing outside the Will?"

[2] "1(b) Does the direction in Article Twelfth (b) of said Will, directing that all inheritance, transfer and estate taxes be paid out of the residuary estate as an expense of the administration thereof, constitute a valid direction against proration as between the shares of the residuary estate itself?"