Argued August 21, affirmed September 18, petition for review
denied December 19, 1972

SKAGGS ET AL, *Appellants, v.* YUNCK (No. 107798),
*Respondent.*
500 P2d 1230

*Marion F. Buchholz,* Portland, argued the cause for appellants. With him on the briefs was Harold F. Hall, Portland.

*Donald J. Georgeson,* Portland, argued the cause for respondent. With him on the brief was Bert S. Gooding, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C.J.

The issue is whether the executrix of the estate of Lucy A. Hoak, deceased, must pay, out of the "probate estate," all federal estate taxes attributable to decedent's "taxable estate."

Lucy A. Hoak's taxable estate, for purposes of federal law, is composed of: (1) her "probate estate," i.e., that property that passed under the terms of her will; and (2) her "non-probate estate," i.e., that property conveyed by *inter vivos* gifts, plus the property that passed under the terms of an *inter vivos* trust.

Petitioners received *inter vivos* gifts from Lucy A. Hoak, and became beneficiaries under the terms of the *inter vivos* trust when Lucy A. Hoak died. Petitioners contend that respondent, the executrix of decedent's estate, must pay the entire federal estate tax liability ($30,850.74) out of the probate estate. Respondent contends that $12,996.80 of the total federal estate tax liability is attributable to the inclusion in the taxable estate of property passing to the petitioners by *inter vivos* gifts and trust, and that the petitioners should bear the burden of this portion of the federal estate tax.

The circuit court ruled against petitioners, holding that the federal tax liability in question should be apportioned between the probate estate and the recipients of the nonprobate assets.

■■ Whether federal estate taxes can be apportioned is a question of state law, federal law being silent on the question. *Beatty v. Cake,* 236 Or 498, 387 P2d 355, 390 P2d 176 (1964) ; *Morgan Guaranty Trust Co. v. Huntington,* 149 Conn 331, 179 A2d 604 (1962). By statute Oregon now provides for apportionment of federal estate taxes among all persons interested in the estate, unless a will provides otherwise. ORS 116.313. However, this statute is not here controlling because it was not in effect when Lucy Hoak died.

In *Beatty v. Cake,* supra, the Oregon Supreme Court considered the question of whether the court, in the absence of state and federal statute, could require an equitable apportionment of the burden of the federal estate tax among those takers of the property subject to the tax. The court answered this question in the affirmative, holding that:

> "* * * There is no persuadable reason to invariably compel a residuary legatee or the heirs of an intestate to bear the entire burden of federal estate taxation when, as in this case, clear indicia of intent is lacking and it appears that the tax consequences are accidental. * * *" 236 Or at 508.

■ Petitioners assert that the will in question clearly directs the executrix to pay all the estate taxes from the probate estate. They rely on the following language:

> "* * * I hereby direct my funeral expenses and all my just debts, taxes (Federal & State inheritance taxes included) and liabilities to be paid by

my executrix hereinafter named, as soon after my death as may be convenient.",

and cite *In re Crozier Estate,* 105 NH 440, 201 A2d 895 (1964), to support their claim.

The will involved in the *Crozier* case stated:

"I direct the payment of all my just debts, funeral charges, expenses of administration and inheritance taxes out of my estate as soon as practicable after my decease." 105 NH at 440-41.

New Hampshire required apportionment of estate taxes among all persons interested in the estate, unless the will otherwise provided. *Crozier* does not support petitioners' position. The New Hampshire court did not find the above quoted language, standing alone, sufficient to prevent apportionment. The court found the requisite expression of intent against apportionment only by considering the quoted language in the context of the entire will. In the case at bar we do not find the language of the questioned provision, standing alone, evidenced an intent clearly contrary to apportionment. Nor do we reach a different conclusion when we examine the entire will.

Affirmed.