**Charles E. MOSHER, Executor of the Estate of Edith Bryant Reid**

**v.**

**UNITED STATES of America.**

**Civ. No. B–872.**

United States District Court, D. Connecticut.

March 12, 1975.

Daniel M. Moger, Jr., Lane, Jacques & Mosher, Greenwich, Conn., for plaintiff.

Robert T. Carney, Trial Atty., Tax Div., Department of Justice, Washington, D. C., Harold J. Pickerstein, Asst. U. S. Atty., Bridgeport, Conn., for defendant.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

The executor of the will of Edith Bryant Reid instituted this suit to recover federal estate taxes in the amount

of $4,443.08, plus interest, alleged to have been erroneously assessed and collected against the estate. The facts are not in dispute and both parties move for summary judgment pursuant to Rule 56(c), F.R.Civ.P.

Edith Bryant Reid, a resident of Riverside, Connecticut, died on August 24, 1968. By will dated April 26, 1965, she made numerous bequests, including several to charities, and specifically directed that all taxes be paid out of the residuary estate. On November 25, 1969, a federal estate tax return was timely filed which revealed a gross estate of $432,955.27, a taxable estate of $307,-934.57, and a tax liability of $78,465.12.

The residuary proved to be insufficient to pay federal estate taxes because the specific bequests and devises along with the administration costs depleted the estate. Thus, although bequests to various charities totalled $45,000.00, the executor claimed only $30,058.39 as a deduction. The difference represented a pro rata abatement of the charitable bequests (along with the general legacies) to satisfy the tax burden. Upon audit of the return by the Internal Revenue Service, the charitable deduction was allowed.

Subsequently, however, the executor decided that the estate was entitled to a deduction in the full amount of the charitable bequests, or $45,000.00. A timely but unsuccessful claim for a refund of $4,443.08 was filed by the executor, and this suit followed.

The sole issue before the Court is whether, in view of the directions in the will for the payment of taxes from the residuary which was later found to be insufficient, the charitable bequests should have been proratably abated to satisfy the tax burden.

A resolution of the issue depends on an interpretation of applicable Connecticut law. Riggs v. Del Drago, 317 U.S. 95, 101, 63 S.Ct. 109, 87 L.Ed 106 (1942); see also Int.Rev.Code of 1954, § 2055(c). The parties cite no case, nor

has independent research revealed any Connecticut authority, directly on point.

A starting point is a consideration of Connecticut's proration statute, Conn.Gen.Stat. § 12–401, which reads in pertinent part that when a fiduciary pays an estate tax:

> the amount of the tax so paid, *except when a testator otherwise directs in his will* . . . shall . . . be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues. Such proration shall be made in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate, except that, in making such proration, allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate . . . (emphasis added)

Prior to the passage of this statute by the Connecticut General Assembly in 1945, the burden of federal and state estate taxes fell on the estate as a whole and, in the absence of a directive in the will to the contrary, the taxes were paid out of the residuary estate. Ericson v. Childs, 124 Conn. 66, 81, 198 A. 176 (1938). In order to mitigate the hardships upon many widows and children, who as natural objects of a testator's bounty were usually the residuary legatees, the legislature enacted the proration statute which more equitably distributes the burden of estate taxes. New York Trust Co. v. Doubleday, 144 Conn. 134, 139–141, 128 A.2d 192 (1956). Thus, prior to the statutory enactment, the tax burden rested upon the residuary estate in the absence of a testamentary directive to the contrary. Under the statute, however, the failure of a provision in a will to speak on taxes creates a presumption that federal and

state succession taxes are to be prorated among all the beneficiaries. Cornell v. Cornell, Conn., 334 A.2d 888 (1973).

As a result, Connecticut courts have consistently held that proration is the rule unless the decedent by clear and unambiguous language in the will indicates otherwise. See generally La Plante, Proration of Estate Taxes in Connecticut, 33 Conn.B.J. 397 (1959). A number of cases have found various clauses in wills to be wanting in the necessary specificity. See, e. g., Morgan Guaranty Trust Co. v. Huntington, 149 Conn. 331, 334–337, 179 A.2d 604, 607 (1962) ("I direct the payment by my executors from the capital of my residuary estate of any and all estate, transfer, succession or inheritance taxes which may be levied upon my estate or any part thereof") ; Guaranty Trust Co. v. New York City Cancer Committee, 145 Conn. 542, 547–549, 144 A.2d 535, 537 (1958) ("I direct that all inheritance, estate, transfer, succession, legacy and other taxes payable by reason of my death be paid out of my residuary estate regardless of whether the property with respect to which such taxes are payable be part of my testamentary estate") ; New York Trust Co. v. Doubleday, supra ("I direct my executors to pay from my residuary estate all estate, inheritance, transfer, succession and other death taxes or other taxes in the general nature thereof which may be payable with respect to any property included in my gross taxable estate . . .") ; Jerome v. Jerome, 139 Conn. 285, 289–290, 93 A.2d 139, 140 (1952) (direction to executors "to pay all my just and lawful debts, funeral and testamentary expenses") ; McLaughlin v. Green, 136 Conn. 138, 141–146, 69 A.2d 289, 290 (1949) ("I order and direct the payment of all succession, transfer, and inheritance taxes from my residuary estate").

On the other hand, several types of clauses have been construed to be sufficient direction against the application of the prorationing statute. In Second National Bank of New Haven v. United States, 351 F.2d 489 (2 Cir. 1965), aff'd

sub nom. Commissioner v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967), the testator provided that:

> The provisions of any statute requiring the apportionment or proration of such taxes among the beneficiaries of this will or the transferees of such property, or the ultimate payment of such taxes by them, shall be without effect in the settlement of my estate.

The Second Circuit held, *inter alia*, that the provision was an explicit, unambiguous direction against prorationing, and that the Connecticut statute was inapplicable.

More recently, in Cornell v. Cornell, supra, the Supreme Court of Connecticut determined that the following article in a will was sufficient to avoid the dictates of the proration statute:

> I direct that all estate, succession, inheritance and transfer taxes, on the gifts by Article II through VI hereof . . . be paid out of my residuary estate as an expense of the settlement of my estate.

This result was reached despite the offer of extrinsic evidence of three prior wills of the testator which contained directions against the proration of taxes more specific than the terminology used in the will under consideration. The court rejected the claim that since the testator indicated in his earlier wills that he knew how to avoid proration, his failure to incorporate similar language in his current will indicated an intention not to prorate the tax burden. See also Starr v. Watrous, 116 Conn. 448, 165 A. 459 (1933) ; Crump v. Crump, 20 Conn. Sup. 471, 140 A.2d 143 (1957).

■ Applying these general principles to the facts in the instant case, it is the opinion of the Court that the language in the Reid will is sufficient to overcome the statutory presumption that taxes are to be prorated under § 12–401. The first article of the testratrix's will states:

> FIRST: I direct my Executors, hereinafter named, to pay all my enforce-

able debts, funeral expenses and the expenses of administering upon my estate as soon after the time of my decease as may be practicable. * * *

I also direct that all death duties, legacy, succession, inheritance, transfer and estate taxes, together with any and all interest and penalties thereon, which shall become payable in respect of any property passing under the provisions of this will or of any Codicil hereto *shall be paid out of and in diminution of my residuary estate* disposed of in Article THIRTY-SECOND, hereinafter, *with the same effect as though an enforceable debt and I direct that no such tax or the interest or penalties thereon is to be prorated or apportioned among or charged against the beneficiaries hereunder* or of any Codicil hereto and that my Executors shall not be entitled to reimbursement for any portion of any such taxes, interest and penalties from any beneficiary hereunder or of any Codicil hereto. *The foregoing shall apply even though all or a part of my residuary estate shall pass to a corporation or other institution which might otherwise be exempt from taxation.* (Emphasis added.)

This provision was obviously written with Connecticut's proration statute in mind and provides a clear and unambiguous direction against prorationing. It expressly states that taxes "shall be paid out of and in diminution of my residuary estate" and specifically commands that the taxes are not to be "prorated or apportioned among or charged against the beneficiaries hereunder." It also requires that the provision apply regardless of the taxability of the bequest, which would appear to evidence the intent to negate the charitable exception set forth in the proration statute.

■ The plaintiff-executor recognizes the formidable character of the mandate in Article First of the will, but argues that since the residuary estate was insufficient to pay the taxes, the entire clause, including the direction against prorationing, must fail. Relying on In re Pepper's Estate, 307 N.Y. 242, 120 N.E.2d 807 (1954), he argues that given the impossibility, or at best the ambiguity, of the combined direction to pay taxes from an insufficient residuary but at the same time not to reduce bequests by proration, the executor is required to prorate the taxes under the statute. In *Pepper,* the residuary was divided into three trusts with instructions to pay taxes from the residuary, but not to reduce the amount of any trusts for the payment of taxes. The court ruled that these inconsistent directions to the executors and trustees rendered the provisions ambiguous and that under these circumstances the New York proration statute should apply to the gifts within the residuary.

However, the *Pepper* case has significant distinguishing factors from the proceedings at bar. *Pepper* was concerned with proration within the residuary, rather than among the pre-residuary legatees, as in the instant case. Moreover, since Mrs. Reid provided that estate taxes were to be considered in the same way as any other enforceable debt, she clearly indicated an intent that pre-residuary legatees be treated equally. The will in *Pepper* contained no such language. The further explicit direction against prorationing, not present in *Pepper,* strengthens the pattern evident in the will to avoid an inequality among the pre-residuary legatees. While the lack of an adequate residuary may not have been foreseen by the testatrix, the Court must interpret the instrument as written and cannot speculate concerning what she may or may not have intended in the event the residuary proved insufficient to satisfy the tax burden. Where, as here, a tax clause is meticulously crafted to avoid prorationing, it will control.

Since the statute is inapplicable, the charitable legacies must ratably abate, along with the bequests to other lega-

tees, to satisfy the payment of taxes. The estate is not entitled to a refund.

Accordingly, the defendant's motion for summary judgment is granted; the plaintiff's cross-motion for judgment is denied.