Margaret BUSHEE, Personal
Representative and Appellee,

v.

Charles G. BUSHEE and Donald S. Bush-
ee, Respondents and Appellants.

In the Matter of the ESTATE OF Alexan-
der G. BUSHEE, a/k/a George Bushee,
a/k/a George Bushee, Jr., Deceased.

Civ. No. 9882.

Supreme Court of North Dakota.

March 12, 1981.

Vaaler, Gillig, Warcup, Woutat, Zimney
& Foster, Grand Forks, for personal repre-
sentative and appellee; argued by Robert
Vaaler, Grand Forks.

Pearson & Christensen, Grand Forks, and
Brink, Sobolik, Severson & Vroom, Hallock,
Minn., for respondents and appellants; ar-
gued by Dennis M. Sobolik, Hallock, Minn.

ERICKSTAD, Chief Justice.

This case involves the administration of the estate of Alexander G. Bushee and the interpretation of certain provisions of Bushee's last will and testament. Pursuant to a direction in the will, Bushee's spouse, Margaret Bushee, was appointed personal representative of the estate. The testator's two sons by a previous marriage, Charles G. Bushee and Donald S. Bushee, petitioned the County Court of Grand Forks County for supervised administration of the estate, and their motion was granted by the county court in its judgment dated April 6, 1978.

On October 15, 1978, Charles and Donald filed a petition with the county court requesting the court to construe certain provisions of the will. Subsequent to a hearing on the petition, the county court determined, among other things, that the will failed to direct a method of apportionment of estate taxes different from the method described under Sections 30.1–20–16(2) and 30.1–20–16(5)(b), N.D.C.C. Accordingly, the county court entered judgment on February 26, 1979, directing that the estate tax be apportioned according to the foregoing statutory sections. Charles and Donald appealed from the judgment of the county court to the District Court of Grand Forks County, and on September 29, 1980, that Court entered its judgment affirming, in all respects, the judgment of the county court.

Charles and Donald have now appealed from the district court judgment to this Court and have raised the following issues for our determination:

(1) Whether or not the testator's will provides the method by which estate taxes are to be paid by the estate so as to preclude apportionment of such taxes under Section 30.1–20–16, N.D.C.C.;

(2) Assuming that Section 30.1–20–16, N.D.C.C., applies, whether or not the testator's spouse must pay a share of the estate taxes in proportion to the value of the interest she receives from the estate; and

(3) Whether or not the accounting filed by the testator's spouse, as Personal Representative of the estate, reflects inaccurate estate values and expense amounts.

Charles and Donald assert that the testator provided the method by which estate taxes were to be paid from the estate and that, accordingly, the apportionment statute, Section 30.1–20–16, N.D.C.C., does not apply. Margaret's assertion, with which both the county court and the district court agreed, is that the testator's will provides no such direction for payment of estate taxes and that, accordingly, the taxes must be apportioned pursuant to Section 30.1–20–16, N.D.C.C.

Subsection 2 of Section 30.1–20–16, N.D.C.C., provides:

"2. Unless the will otherwise provides, the tax shall be apportioned among all persons interested in the estate. The apportionment is to be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax are to be used for that purpose. If the decedent's will directs a method of apportionment of tax different from the method described in this title, the method described in the will controls."

With respect to the apportionment issue, the will provides in relevant part:

"It is my further wish that upon my death that my land, stocks, bonds, Machinery, buildings, or equipment or anything else which may be connected with my business interests, be sold or otherwise disposed of, and that all of my debts, taxes etc; be paid in full, from revenue from such sale. The remaining balance of my estate be divided as follows:

"To my long and faithful employee Roy G. Dubuque $10,000.00 (at final settlement).

"To my wife Margaret F. Bushee, and my sons Charles G. Bushee and Donald S. Bushee, equal shares of ⅓ each of the final balance."

Section 30.1–20–16, N.D.C.C., provides a method of apportioning estate tax

by which every part of the estate contributing to the creation of the tax liability bears its fair share of the tax burden. Upon construing a will, this Court will not lightly infer an intent by the testator to exonerate certain estate property from its fair share of the estate tax burden. The estate taxes will be paid according to the apportionment statute unless the decedent's will directs in clear and unambiguous language a method of apportionment different from that provided by the statute. *See, In Re Estate of Benton*, 191 Neb. 324, 215 N.W.2d 86 (1974); *In Re Estate of Hilliar*, 498 P.2d 1237 (Wyo. 1972); *In Re Estate of Erieg*, 439 Pa. 550, 267 A.2d 841 (1970); *See also, annot.*, 70 A.L.R.3d 630, § 3(c) (1976).

Charles and Donald assert that the will in the instant case unambiguously directs that payment of the estate taxes be made from the proceeds received from the sale of the deceased's business properties and that such payment be made prior to the division and distribution of the remaining balance of the estate property. Charles and Donald base their assertion upon language in the will which directs that "all of my debts, taxes etc; be paid in full, from revenue from such sale." They assert that the testator intended the term taxes to include estate taxes.

■ Although Charles and Donald's construction of the will might constitute a rational interpretation of the testator's intent thereunder the language used by the testator is not free from ambiguity. The phrase "all of my . . . taxes" might also be rationally construed as a direction by the testator to pay all personal and business taxes owing by the decedent at the time of his death without any intent by the testator to thereby direct payment of estate taxes. There is no express reference in the will to "estate taxes" nor is there an express direction against the apportionment of estate taxes. We conclude that the will does not clearly and unambiguously direct a method of apportionment of estate taxes different from the method provided by statute. Accordingly, we hold that the district court did not err in its determination that the provisions of the apportionment statute, Section 30.1-

20–16, N.D.C.C., are applicable for the payment of estate taxes of the decedent's estate.

■ Charles and Donald also assert that under the apportionment statute Margaret Bushee, the testator's spouse, must pay a proportionate share of the estate tax on the value of the property she receives from the estate. The relevant statutory authority, Subsections (5)(a) and (5)(b) of Section 30.-1–20–16, N.D.C.C., requires a contrary conclusion:

"5. a. In making an apportionment, allowances shall be made for any exemptions granted, any classification made of persons interested in the estate, and for any deductions and credits allowed by the law imposing the tax.

"b. Any exemption or deduction allowed by reason of the relationship of any person to the decedent or by reason of the purposes of the gift inures to the benefit of the person bearing such relationship or receiving the gift; but if an interest is subject to a prior present interest which is not allowable as a deduction, the tax apportionable against the present interest shall be paid from principal."

Pursuant to the foregoing subsections, the property received by Margaret, to the extent that it qualifies for the marital deduction or any other proper exemption or deduction in computing the estate taxes, does not bear any part of the estate tax liability. *See, Alexandria National Bank v. Thomas*, 213 Va. 620, 194 S.E.2d 723 (1973); *In Re Fuchs' Estate*, 60 So.2d 536 (Fla.1952); *See also, annot.*, 71 A.L.R.3d 247, § 7(c) (1976).

Charles and Donald also assert that the accounting filed by Margaret, as personal representative of the estate, reflects inaccurate estate values and expense amounts. With respect to this issue, Charles and Donald's appellate brief states:

"By her account, the Personal Representative overvalued assets on Schedule B and Schedule [Schedule] D on Form 706. These assets consisted of stock which was encumbered and a life insurance policy which was payable at the rate of $125.00

per month. These overvaluations have been brought to the attention of the Personal Representative (A–39 through 44; A–83). The Personal Representative should amend the accounts of the estate accordingly.

"The estate tax return filed by the Personal Representative also understates the amount of deductions which should be applied against the amount of the gross estate (A–37). These deductions should also be reflected in an amended accounting filed by the Personal Representative."

The judgment of the county court, which was affirmed by the district court, provided, among other things:

"That the Personal Representative herein shall file a Supplemental Report and Account and Petition for Settlement and Confirmation of Distribution when all additional matters necessary to close the estate have been handled."

In her appellate brief, Margaret concedes that the supplemental report and account which the court has ordered her to file must accurately reflect the value of the assets and the amount of expenses and deductions. Consequently, we conclude that it would be premature and inappropriate for this Court to render a determination of these matters on this appeal.

In accordance with this opinion, the judgment of the district court is affirmed.

SAND, PAULSON, PEDERSON and VANDE WALLE, JJ., concur.