(667 P.2d 915)
No. 55,030

DOROTHY WENDLAND and VIRGINIA REYNOLDSON, *Appellants*, v. WASHBURN UNIVERSITY and LOWMAN UNITED METHODIST CHURCH, *Appellees*.

Opinion filed August 11, 1983.

*Charles S. Arthur, III,* of Arthur, Green, Arthur & Conderman, of Manhattan, for the appellants.

*Charles W. Waugh,* of Eskridge, for the Estate of Marie Russell, deceased.

*Kenneth P. Hackler,* of Topeka, for the appellee Washburn University.

*E. Gene McKinney* and *Susan McKinney Cooley,* of Topeka, for the appellee Lowman United Methodist Church.

Before FOTH, C.J., SPENCER and PARKS, JJ.

SPENCER, J.: This is an appeal by Dorothy Wendland and Virginia Reynoldson, devisees and legatees under the last will and testament of Marie Russell, deceased.

The matter was submitted to the trial court on an agreed statement of facts. Marie Russell, who during her lifetime was a lawyer by profession, died April 28, 1981. Her last will and testament, which she prepared, was duly admitted to probate in the District Court of Shawnee County. By this means, she made certain specific devises and bequests of real and personal property, and made provision for the residue of her estate as follows:

"Whatever is left after paying taxes, expenses of administration, etc., may be divided, one-half going to Washburn Municipal University of Topeka, Kansas, for the use of the School of Law, either as a student loan fund or for some other need; and the other half divided as follows: one-third to the children of my deceased nephew, William R. Davis, and my niece, Elizabeth Cohen and nephew, Theodore E. Davis, share and share alike, the children of William R. Davis, dividing

one share; one-third to the Lowman United Methodist Church of Topeka, Kansas, building fund; and one-third to the University of Kansas Endowment Fund."

The sole issue presented is whether the Kansas inheritance tax, as imposed under the provisions of K.S.A. 1982 Supp. 79-1537 *et seq.*, is to be paid from the residue of decedent's estate or apportioned among the devisees and legatees as provided by K.S.A. 1982 Supp. 79-1564(*d*), as was determined by the trial court.

Inheritance tax, as imposed in this state, is a succession tax, that is, a tax upon the right of the distributee to receive property. Although payable from the assets of the estate by the representative in possession of those assets, the inheritance tax is not properly the burden of the decedent's estate unless the testatrix has otherwise so directed. K.S.A. 1982 Supp. 79-1564(*d*); *In re Estate of Graves,* 203 Kan. 762, 457 P.2d 71 (1969); *In re Estate of West,* 203 Kan. 404, 454 P.2d 462 (1969).

The parties to this appeal acknowledge, and the trial court noted:

"[T]he cardinal rule for the construction of wills, to which all other rules are subordinate, is that the intention of the testator, as garnered from all parts of the will or from the will in its entirety, is to be given effect and that doubtful or inaccurate expressions shall not override the obvious intention of the testator." *In re Estate of West,* 203 Kan. at 407.

See also *Cox v. Forristall,* 7 Kan. App. 2d 275, 640 P.2d 878 (1982). The issue then becomes whether, as somehow expressed in her will, it was the intention of Marie Russell to shift the burden of the inheritance tax from where the law placed it to the devisees and legatees who were to take under the residuary clause of her will.

Appellants rely on the beginning phrase of the residuary clause, "Whatever is left after paying taxes, expenses of administration, etc., may be divided   .   .   .," and contend this clearly evidences an intention of the testatrix to burden her residuary estate with the inheritance tax. On the other hand, appellees assert the inheritance taxes are not clearly covered by the residuary clause and therefore must be apportioned.

Most jurisdictions require the intention of the testatrix to shift the tax burden be expressed in clear and unambiguous language. The burden of proof is on the party contending the statutory

apportionment should not be applied. See *In re Est. of Kelly*, 41 Colo. App. 316, 584 P.2d 640 (1978); *Nielsen v. Sidner*, 191 Neb. 324, 215 N.W.2d 86 (1974); *Boatmen's Union Nat. Bank v. Welton*, 640 S.W.2d 497 (Mo. App. 1982). See generally 42 Am. Jur. 2d, Inheritance, Etc., Taxes § 350; 85 C.J.S., Taxation §§ 1167-68; Annot., 71 A.L.R.3d 247, § 17 (b); Annot., 69 A.L.R.3d 122, § 3 (b).

Appellants contend the following factors evidence an intention to shift the tax burden to the residuary estate: (1) the reference to the payment of taxes; (2) that reference is in the residuary clause and is not boilerplate language; and (3) the use of the word "etc."

The courts are divided as to whether a simple direction to pay taxes evidences an intention to shift the tax burden. See Annot., 69 A.L.R.3d 122, 174-78, 350-53. Appellants rely on *Weiss v. Grant*, 87 Colo. 144, 286 Pac. 114 (1930), in which the court construed the following phrase contained in the residuary clause: "After paying all court costs, taxes and administrators fees, I hereby give . . . ." The Colorado Supreme Court held:

"The expression 'all taxes' means just what it says and must necessarily include inheritance taxes. The testator was presumed to know the law, and if he intended that his [family - the specific legatees] be required to pay the inheritance tax . . . there was no necessity for him to insert in his will the words 'after paying all *** taxes' because, in their absence, the law would require payment in such a manner." 87 Colo. at 146.

The court also found the apportionment which would benefit an outsider at the expense of blood relatives was contrary to the intention of the testator. The present case is distinguishable because the word "taxes" is not modified by the word "all" and the residuary legatees include members of decedent's family.

Several courts have focused on the use of the word "my" and have found such provisions to cover federal estate taxes but not inheritance taxes. In *In re Henderson's Estate*, 46 Wash. 2d 401, 281 P.2d 857 (1955), the testatrix bequeathed and devised the remainder of her estate, "after payment of all of my just debts, taxes, and costs of administration." The court stated: "A mere statement that the testator desires his taxes to be paid does not clearly express an intention to charge his estate with taxes imposed by law upon a beneficiary." 46 Wash. 2d at 402. See also *In re Grondin Estate*, 98 N.H. 313, 100 A.2d 160 (1953); *In re*

*Estate of Carrington,* 1 Ohio Op. 2d 72, 136 N.E.2d 182 (1956); *Norton v. Jones,* 210 S.W.2d 820 (Tex. Civ. App. 1948).

In *In re Ogburn's Estate,* 406 P.2d 655 (Wyo. 1965), the court found a clause which directs payment of all taxes "of my estate," "fails by direct language clearly to specify the nature of the taxes embraced within the clause, the source from which the taxes affected were to be paid, and the persons interested in the estate who were to receive benefits freed of the burden of taxes." 406 P.2d at 658-59. The court found the will provision was insufficient to avoid apportionment of the state inheritance taxes.

The *Ogburn* case illustrates the need to clearly specify the nature of the taxes embraced. In *Starr v. Watrous,* 116 Conn. 448, 452, 165 A. 459 (1933), the court stated:

"If the testatrix had merely directed that her debts, funeral expenses, and taxes be paid by her executors, without specific mention of succession taxes, the provision doubtless would be construed as referring only to taxes which are ordinarily payable out of the estate as are other debts of the testatrix and, as in *Jones Estate,* 12 Pa. Dist. R. 83, not expressing with sufficient clearness an intention to include taxes normally payable out of the several legacies."

In *Bushee v. Bushee,* 303 N.W.2d 320 (N.D. 1981), the court addressed a provision which directed the testator's business interests be liquidated, "that all of my debts, taxes etc; be paid in full, from revenue from such sale," and the remaining balance be divided. Because the will made no express reference to estate taxes or an express direction against apportionment, the court concluded the will did not clearly and unambiguously avoid statutory apportionment.

Turning now to the present will, the reference to the payment of "taxes, expenses of administration, etc.," does not clearly evidence an intention to charge the state inheritance taxes solely to the residuary estate. Inheritance taxes are not specifically mentioned, nor is there an express direction against apportionment. The testatrix, who was an attorney, presumably knew how to vary the statutory apportionment and could easily have so provided. See 4 Bartlett, Kansas Probate Law and Practice § 1815 (rev. ed. 1953).

The use of "etc." does not avoid apportionment because it would only refer to other things which would be similarly paid out of the estate. Federal estate taxes are charged to the estate and are generally payable out of the residue of the estate just as are administrative expenses. Inheritance taxes, however, are not

charged to the estate itself, but rather are imposed upon the right of the distributee to receive the property. Absent a clear and unambiguous direction to the contrary, Kansas inheritance taxes are to be paid from the assets of the decedent's estate or proceeds therefrom, in order, so far as practicable, that each distributive share of the estate shall bear a just and equitable proportion thereof.

Affirmed.