444

(917 P.2d 897)
No. 74,063

In the Matter of the Estate of CHARLES WILLIAM SHOEMAKER
a/k/a CHARLES W. SHOEMAKER, Deceased.

Opinion filed May 31, 1996.

*Robert J. Fleming* and *Craig R. Richey*, of Wilbert and Towner, P.A., of Pittsburg, for appellants.

*C. A. Menghini* and *Henry C. Menghini,* of Menghini & Menghini, of Pittsburg, for appellees.

Before PIERRON, P.J., GREEN and MARQUARDT, JJ.

PIERRON, J.: Donald E. Cukjati, Joe Cukjati, and Frank Leroy Cukjati each filed a petition requesting that the inheritance taxes on the joint tenancy property they held with the decedent (their mother's sister's husband) be paid out of the estate. The district court denied the petitions, and the Cukjatis now appeal. We affirm.

Charles William Shoemaker (testator) died testate on June 22, 1994. On the date of the testator's death, $194,488.87 of the $262,762.82 estate was jointly owned property. The Cukjatis were joint owners of approximately $115,000 of this property.

The will contains, *inter alia*, the following clauses:

"SECOND: Bequest of Property. I give, devise and bequeath all of my property whether real or personal and wheresoever situated, including any vehicles which I may own, to my brother, Robert L. Shoemaker, and my sister, Helen Helms, in equal shares, share and share alike.

. . . .

"FOURTH: Payment of Taxes. I direct that all federal estate and inheritance taxes of every kind and nature, shall be paid from the residue of my estate.

"FIFTH: Joint Tenancy. I declare that it is my intention that any property I own at the time of my death with any individual or individuals as joint tenants with right of survivorship, shall pass to such named individual or individuals by survivorship and that nothing in this Will, or any Codicil later executed by me, shall be construed to destroy any joint tenancy provision affecting said property."

The district court held that the will did not clearly and unambiguously demonstrate an intent by the testator to burden the estate (which he bequeathed to his sister and brother) with payment of inheritance taxes on the joint tenancy property.

The issue is whether the language of the will defeats the statutory apportionment of inheritance tax and requires the payment of the inheritance taxes on the Cukjatis' property by the residuary estate. We believe it does not.

The parties disagree as to the appropriate standard of review. The Cukjatis argue that because the only evidence before the district court was documentary in nature, this court can interpret the documents as well as the district court. The executor argues that this court cannot disregard the district court's finding absent a finding of an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias.

In interpreting wills, Kansas appellate courts have uniformly held that where the only evidence before the trial court is documentary in nature, the appellate court can interpret the document as well as the district court. See *In re Estate of Miller*, 186 Kan. 87, 95, 348 P.2d 1033 (1960); *Bradley v. Estate of Jackson*, 1 Kan. App. 2d 695, 696, 573 P.2d 628 (1977). This rule is applied where the parties provide a stipulation of facts. See *Wallace v. Magie*, 214 Kan. 481, 488, 522 P.2d 989 (1974).

There is no indication that any evidence was submitted to the district court other than the documents in the record. The district

court made its decision based on the will, the briefs, and a stipulation of facts agreed to by the parties.

Moreover, in *In re Estate of Cline*, 258 Kan. 196, 199, 898 P.2d 643 (1995), in interpreting a will, the court held: "The construction of a written instrument is a question of law, and the instrument may be construed and its legal effect determined by an appellate court."

Thus, this court has unlimited review of the issues presented in this appeal.

Kansas inheritance tax is a succession tax imposed upon the right of the recipient to receive property. See K.S.A. 1995 Supp. 79-1537(a); *Wendland v. Washburn University*, 8 Kan. App. 2d 778, 779, 667 P.2d 915 (1983). Inheritance taxes are to be paid so that "each distributive share of the estate shall bear a just and equitable proportion of such taxes unless otherwise directed by the will of the decedent or trust agreement." K.S.A. 1995 Supp. 79-1564(d). See *In re Estate of West*, 203 Kan. 404, 407, 454 P.2d 462 (1969).

Property owned by a testator and another as joint tenants passes to the survivor, and such property is not part of the probate estate. See *In re Estate of Laue*, 225 Kan. 177, 185, 589 P.2d 558 (1979). However, joint tenancy property is subject to inheritance tax. K.S.A. 79-1554(a). If an executor does not deduct the tax, the surviving joint tenant is personally liable. K.S.A. 1995 Supp. 79-1569(b). In this case, the executor did not deduct the taxes from the Cukjatis' joint tenancy property.

The intent of the testator to defeat the statutory apportionment and shift the tax burden must be expressed in clear and unambiguous language. The burden of proof is on the party contending that the statutory apportionment should not be applied. *Wendland*, 8 Kan. App. 2d at 779-80.

In Kansas, a general direction to pay "taxes" out of the estate is not sufficient to shift the burden of the statutory apportionment of payment of inheritance taxes by the recipients to the estate. In *Wendland*, 8 Kan. App. 2d at 778-79, the will provided that " '[w]hatever is left after paying taxes, expenses of administration, etc., may be divided' " among the various devisees and legatees. The *Wendland* court stated:

"Inheritance taxes . . . are not charged to the estate itself, but rather are imposed upon the right of the distributee to receive the property. Absent a clear and unambiguous direction to the contrary, Kansas inheritance taxes are to be paid from the assets of the decedent's estate or proceeds therefrom, in order, so far as practicable, that each distributive share of the estate shall bear a just and equitable proportion thereof." 8 Kan. App. 2d at 781-82.

The court held that the language of the will was insufficient to defeat the statutory apportionment of inheritance taxes. 8 Kan. App. 2d at 781.

The *Wendland* court noted there is a split of authority as to whether a simple direction to pay taxes is sufficient to shift the tax burden. *Wendland* discusses cases from other jurisdictions involving variations of the phrases "taxes," "all taxes," and "all taxes of my estate." 8 Kan. App. 2d at 780-81. See also *Bushee v. Bushee*, 303 N.W.2d 320, 321-22 (N.D. 1981) (holding that a direction to pay "all of my debts, taxes, etc." was insufficient to defeat the statutory apportionment of estate taxes); *In re Henderson's Estate*, 46 Wash. 2d 401, 402, 281 P.2d 857 (1955) (holding that "[a] mere statement that the testator desires his taxes to be paid does not clearly express an intention to charge his estate with taxes imposed by law upon a beneficiary"); *In re Ogburn's Estate*, 406 P.2d 655, 657, 661-62 (Wyo. 1965) (holding that a clause that directs payment of "all . . . taxes . . . of my estate" was insufficient to overcome the statutory allocation).

In Illinois, a specific direction to pay inheritance taxes out of the estate is generally sufficient to defeat the statutory apportionment. See, *e.g.*, *In re Estate of Wheeler*, 65 Ill. App. 2d 201, 213 N.E.2d 35 (1965). Along these lines, the *Wendland* court noted "the need to clearly specify the nature of the taxes embraced." 8 Kan. App. 2d at 781 (citing *Starr v. Watrous*, 116 Conn. 448, 452, 165 A. 459 [1933]).

In *Starr*, 116 Conn. at 449, Article I of the will provided: "'I direct that all my just debts, funeral expenses, succession and other taxes be paid by my executors hereinafter named.'" The court reasoned:

"If the testatrix had merely directed that her debts, funeral expenses, and taxes be paid by her executors, without specific mention of succession taxes, the pro-

vision doubtless would be construed as referring only to taxes which are ordinarily payable out of the estate as are other debts of the testatrix and, as in *Jones Estate*, 12 Pa. Dist. R. 83, not expressing with sufficient clearness an intention to include taxes normally payable out of the several legacies." 116 Conn. at 452.

The *Starr* court held that specifying the succession taxes were to be paid by the executor was sufficient to defeat the statutory apportionment. See 116 Conn. at 452-54.

The executor argues that because the joint tenancy property passed outside the will, the failure to specifically mention the nonprobate or nontestamentary property in the tax clause indicates that the testator did not intend for the estate to pay the inheritance taxes on the joint tenancy property. We agree.

We note authorities outside Kansas differ on whether the failure to specifically mention or include nontestamentary property in a tax clause renders the tax clause ineffective in defeating the statutory apportionment of taxes on that property.

In *Wheeler*, 65 Ill. App. 2d at 203, the will provided that the executor should pay from the principal of the estate " 'all estate, inheritance, transfer and succession taxes.' " The issue was whether the estate should pay the inheritance tax on an inter vivos trust. The court held that the language of the will was sufficient to require the executor to pay the inheritance tax out of the estate, even though the trust was not an asset of the probate estate and the will did not specifically refer to the trust. 65 Ill. App. 2d at 206. But see *Skaggs v. Yunck*, 10 Or. App. 536, 500 P.2d 1230 (1972) (holding that the failure to specifically refer to the inter vivos trust prevented burdening the estate with the inheritance taxes on the trust).

The executor points to Annot., Construction and Effect of Will Provisions Expressly Relating to the Burden of Estate or Inheritance Taxes, 69 A.L.R.3d 122, 270-71, for contrary authority. Many of the cases cited therein, however, are factually distinguishable from the instant action.

In the instant action, the district court and the executor both noted that the testator could have specifically referred to the nonprobate property in the tax clause. See *Industrial Nat. Bank v. Barrett*, 101 R.I. 89, 101-02, 220 A.2d 517 (1966) (relying on the

testatrix's failure to specifically refer to nonprobate assets, the court held that a direction to pay all debts, including all estate and inheritance taxes, did not clearly express the intent to burden the estate with the payment of inheritance taxes on "appointed," nonprobate property). Several Kansas cases recite will language specifically referencing nonprobate property in the tax clause. See *Cline*, 258 Kan. at 198; *In re Estate of Pickrell*, 248 Kan. 247, 249-50, 806 P.2d 1007 (1991). These cases clearly express the intent to defeat the statutory apportionment. See 4 Bartlett's, Kansas Probate Law and Practice § 1815 (rev. ed. 1953).

The district court's memorandum decision stated that "the Court cannot find that Paragraph Four of the testator's will clearly and unambiguously demonstrates an intent to burden the corpus of the estate with payment of inheritance taxes."

The district court stated further: "In reviewing the will as a whole, in a common sense approach, there is simply no showing that the testator intended for his blood relatives to assume the tax burden engendered by joint tenancy property held by relatives of his pre-deceased wife."

As was accurately stated by counsel at oral argument, the language of the instrument in this case concerning the payment of the taxes is somewhere between the clear statements in *Cline* and *Pickrell*, and the fatally fuzzy formulation in *Wendland*.

Although we acknowledge the precedent and cogent arguments presented by the Cukjatis and the dissent, we concur with the trial court.

A provision for paying "all federal estate and inheritance taxes of every kind and nature" from the residue of the estate is presumed to apply only to the property disposed of in the will, unless a wider meaning is clearly expressed, as it was in *Cline* and *Pickrell*. Only by such clear reference to nontestamentary property can the statutory apportionment be defeated.

Affirmed.

MARQUARDT, J., dissenting: I respectfully dissent from the majority's holding.

A specific direction to pay inheritance taxes out of the estate is generally sufficient to defeat the statutory apportionment. See, *e.g.*, *In re Estate of Wheeler*, 65 Ill. App. 2d 201, 213 N.E.2d 35 (1965). In *Wheeler*, 65 Ill. App. 2d at 203, the will provided that the executor should pay from the principal of the estate " 'all estate, inheritance, transfer and succession taxes.' " The issue was whether the estate should pay the inheritance tax on an inter vivos trust. The court held that the language of the will was sufficient to require the executor to pay the inheritance tax out of the estate even though the trust was not an asset of the probate estate and the will did not specifically refer to the trust. 65 Ill. App. 2d at 206.

When confronted with facts similar to the instant action, a New York court has held that the language "I direct that all inheritance, estate, transfer and succession taxes be paid out of my residuary estate" clearly expressed the intention that taxes upon two joint bank accounts were to be paid by the executor out of the estate. *Matter of Halle*, 270 App. Div. 619, 621, 61 N.Y.S.2d 694 (1946).

Absent an ambiguity, the court must "ascertain the testator's intent from the four corners of the will and . . . carry out that intent if possible and not contrary to law or public policy." *In re Estate of Cline*, 258 Kan. 196, 205, 898 P.2d 643 (1995). A court should not rewrite an unambiguous will in accordance with the court's notions of what is a fairer distribution of the tax burden. See *Central Trust Co. v. Burrow*, 144 Kan. 79, 81, 58 P.2d 469 (1936).

The rule of construction in favor of the testator's heirs has been relied on in cases determining whether the statutory allocation of the tax burden has been altered by the will. See *Wendland v. Washburn University*, 8 Kan. App. 2d 778, 780, 667 P.2d 915 (1983); *Weiss v. Grant*, 87 Colo. 144, 147, 286 Pac. 114 (1930). Rules of construction, however, should not be applied where the language of the will is not ambiguous. See *Cline*, 258 Kan. at 199, 205.

The testator's will specifies that "inheritance taxes of every kind and nature, shall be paid from the residue of my estate." Failure to identify the nontestamentary property passing outside the will does not prevent language such as "all inheritance taxes" or "inheritance taxes of every kind and nature" from including the non-

testamentary property. See *Starr v. Watrous*, 116 Conn. 448, 453, 165 A. 459 (1933); *Wheeler*, 65 Ill. App. 2d at 206. Directing that "all inheritance taxes" or "inheritance taxes of every kind and nature" be paid from the residue of the estate is sufficient to defeat statutory apportionment. See, *e.g.*, *Wendland*, 8 Kan. App. 2d at 781; *Starr*, 116 Conn. at 452-54; *Halle*, 270 App. Div. at 621-22.

In Kansas, a direction to pay "all federal estate and inheritance taxes of every kind and nature" out of the residue of the estate is clear and unambiguous and sufficient to shift the payment of inheritance taxes to the estate.

I would reverse the district court's holding.