660 December 17, 2025 No. 1081

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Estate of Thomas R. Nagy,
deceased.

Joan HAMMOND,
*Appellant,*

*v.*

Dale W. RUSH,
*Respondent,*

Deschutes County Circuit Court
24PB07079; A186447

Alicia N. Sykora, Judge.

Argued and submitted November 19, 2025.

Matthew Whitman argued the cause for appellant. Also on the briefs was Brooks F. Cooper.

Christopher L. Cauble argued the cause for respondent. Also on the brief was Cauble, Furr & Beguin, LLP.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Reversed and remanded with instructions to dismiss the probate proceeding for lack of standing.

**KAMINS, J.**

Petitioner, decedent's stepson and cotrustee of decedent's trust, brought a probate action and was appointed as administrator of decedent's estate in a limited judgment. Objector, decedent's daughter and cotrustee of decedent's trust, appeals, contending that the trial court erred in concluding petitioner had standing to bring the probate action. We reverse and remand the limited judgment opening the estate and appointing petitioner as administrator.

Petitioner brought a probate action seeking appointment as personal representative of decedent's estate for "the sole purpose of pursuing an elder abuse claim" against objector. Petitioner initially sought appointment based on a pour over will that designated petitioner and objector as copersonal representatives and devisees. That pour over will, however, was never deemed valid and thus could not be admitted to probate. Instead, the trial court opened the estate intestate, meaning without a will, and appointed petitioner as administrator of the intestate estate. Objector filed an objection and hearing request. After the hearing, the trial court issued a limited judgment confirming petitioner's appointment.

At issue is whether the court erred in concluding that petitioner had standing to petition the court for probate and for appointment as personal representative. ORS 113.035 sets out the standing requirements for probate:

"Any interested person or the person nominated as personal representative named in the will may petition for the appointment of a personal representative and for the probate of a will."

"Interested person" is defined as "any person having a property right in or claim against the estate of a decedent that may be affected by the proceeding" or a fiduciary representing such a person. ORS 111.005(19)(a), (c). A petitioner must meet this requirement even if the petitioner is an heir, devisee, or has a familial relationship. *Price v. Lotlikar*, 285 Or App 692, 705, 397 P3d 54 (2017); ORS 111.005(19)(b).

Petitioner is not an "interested person" under that statutory definition because he has no claim to the estate.

When a decedent dies intestate, decedent's estate passes as determined by statute. ORS 112.015. If decedent leaves no surviving spouse, the intestate estate passes "[t]o the descendants of the decedent ***." ORS 112.045(1). "'Descendant' means a person who is descended from a specific ancestor and includes an adopted child and the adopted child's descendants." ORS 111.005(9)(a). It does not include stepchildren. *Cf. In re Frazier's Estate*, 180 Or 232, 236-37, 177 P2d 254 (1947) (stepmother who never adopted stepson was not stepson's intestate heir). As decedent's stepson, petitioner is not an intestate heir and, therefore, has no property right or claim to the estate. ORS 112.015-112.115. While petitioner may have been an "interested person" under the pour over will at the outset of his petition, the court should have dismissed his petition once it determined that that will could not be admitted and thus that petitioner had no property interest in the estate. *See Couey v. Atkins*, 357 Or 460, 469, 355 P3d 866 (2015) ("[P]laintiff's concrete stake in the outcome must continue throughout the pendency of the case.").

Petitioner contends that he has a financial interest because, if appointed as personal representative and successful in the elder abuse claim, he would be entitled to compensation as personal representative. *See* ORS 116.173 ("[A] personal representative is entitled to receive compensation for services" based on the value of the estate, including "all income received during the course of the administration of the estate."). However, that financial interest would only apply *after* petitioner had been appointed personal representative, rather than at the outset of his petition. *See Couey*, 357 Or at 469 ("[A] plaintiff must establish at the outset that [they] satisf[y] the statutory requirements for standing to bring the action."). Unless and until petitioner became personal representative and was successful in pursuing the elder abuse claim, petitioner did not have a property interest or claim sufficient to qualify as an interested person and, therefore, did not have standing to petition the court for probate or appointment as personal representative. ORS 113.035; *see Price*, 285 Or App at 705 (determining relatives did not have standing to petition for probate where they did not have a property right or claim against the estate).

Petitioner further argues that he is an interested person due to his fiduciary duty to the estate's beneficiaries as cotrustee of decedent's trust. However, petitioner's fiduciary duty as trustee extends only to the trust's beneficiaries, not the estate's beneficiaries, though there is overlap between the two groups. *See Skaggs v. Yunck*, 10 Or App 536, 537, 500 P2d 1230 (1972) (*inter vivos* trust is a non-probate asset). Because petitioner's fiduciary obligation only runs to the trust, which is not an estate asset, petitioner also did not qualify as a fiduciary representing an interested person. ORS 111.005(19)(c).

Reversed and remanded with instructions to dismiss the probate proceeding for lack of standing.